438 So.2d 1306 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Clyde POWELL, Defendant-Appellant.
No. CR83-339.
Court of Appeal of Louisiana, Third Circuit.
October 12, 1983.
Writ Denied December 9, 1983.
Elvin C. Fontenot, Jr., Tillman & Fontenot, Leesville, for defendant-appellant.
Mark Kramer, Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before STOKER, LABORDE and KNOLL, JJ.
LABORDE, Judge.
Defendant, Clyde Powell, was indicted by a grand jury for the crime of aggravated rape. LSA-R.S. 14:42. A twelve member jury in a 10-2 decision rendered a responsive verdict of guilty to forcible rape. LSA-R.S. 14:42.1. Defendant was sentenced to serve a two year mandatory jail term with a five year suspended sentence. Defendant contends that the trial court erred in denying his motion for a new trial since the evidence presented at trial was not sufficient to establish his guilt beyond a reasonable doubt. LSA-C.Cr.P. 851(1). Defendant appeals the trial court's denial of this motion. We reverse and render acquittal.
The alleged offense occurred on the evening of November 22, 1980 at approximately 8:15 p.m. when the victim, Cassandra Weeks Sylvester (Weeks), was standing on the corner of Havana Street in Leesville, waiting for a ride to Fort Polk. She related the following account of the incident. As she was waiting for her cousin to pick her up, the defendant, Clyde Powell, drove *1307 past her in an early 1970's model car. The defendant noticed the victim, stopped his car and parked not far from where she was standing. Shortly thereafter the victim, Weeks, approached defendant's car inquiring about his reasons for stopping. At trial she admitted having met the defendant earlier that evening and testified that she voluntarily went over and entered his car to talk for a while. From this point the facts are highly disputed.
Weeks testified that she entered defendant's car after he agreed to bring her to her cousin's residence located nearby. The defendant then allegedly brought Weeks to a secluded area and threatened to kill her when she refused to have sexual intercourse with him. Weeks stated that defendant slapped her in the face three or four times while threatening to kill her. He allegedly threatened to use a weapon which, he had indicated, was under the seat of the car. Weeks admitted that she never saw the weapon or an object of any type which defendant threatened to kill her with. Following these incidents the victim testified that they each removed their own pants and defendant had intercourse with her on the front seat of the car. Thereafter, defendant brought Weeks to where she initially approached him that evening and the victim sought help from nearby friends who in turn contacted the police.
Defendant admits taking the victim in his car for a ride around the block to a nearby bar, but denied ever having had intercourse with her. The record is void of any substantial evidence, other than the victim's testimony, tending to prove: (1) the act of sexual intercourse, and (2) the statutory acts of force or threats which prevented the victim from resisting.
The issue arising out of defendant's assignment of error is whether the evidence presented at trial, taken in a light most favorable to the prosecution, proves beyond a reasonable doubt all of the essential elements of the crime for which the defendant was convicted.
Pursuant to C.Cr.P. art. 851(1) the defendant moved for a new trial on the ground that the verdict was contrary to the law and evidence. In criminal cases, the jurisdiction of the Courts of Appeal is limited to questions of law only. La. Const. art. V, sec. 10(B) (1974). Generally, we are precluded from reviewing the record on questions of fact and will not disturb the trial court ruling on a motion for new trial in the absence of an abuse of discretion. State v. Caminita, 411 So.2d 13 (La.1982) cert. denied, ___ U.S. ___, 103 S.Ct. 314, 74 L.Ed.2d 291 (1982); State v. Turner, 365 So.2d 1352 (La.1978). However, in State v. Mathews, 375 So.2d 1165 (La.1979), the Louisiana Supreme Court determined that the United States Supreme Court case of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) required that the standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. This standard of review is now relied upon by the courts in an appellate review to determine whether the trial court abused it's discretion in denying a motion for new trial when defendant contends on appeal that the verdict was contrary to the law and evidence. State v. West, 419 So.2d 868 (La.1982). We note however, that the most appropriate manner to raise the issue of insufficiency of the evidence is by motion for post verdict judgment of acquittal. C.Cr.P. art. 821. This motion and statutory provision mandates application of the Jackson standard by the trial court and vests authority in the appellate courts to render modified verdicts or acquittals on review of the evidence. Review of the evidence by an appellate court is required by the Due Process Clause of the Fourteenth Amendment of the United States Constitution when it is alleged that the evidence was insufficient to support the conviction. State v. Graham, 422 So.2d 123 (La.1982). Armed with these constitutional standards we proceed to review the evidence in a light most favorable to the State *1308 to determine whether a rational fact finder could find that the essential elements of the crime have been proven beyond a reasonable doubt.
In order for the defendant's guilty verdict of forcible rape to withstand the constitutional challenge of sufficiency of the evidence, the evidence must disclose under the Jackson standard that:
(1) defendant committed an act of anal or vaginal sexual intercourse with the alleged victim without her consent;
(2) the alleged victim was not the spouse of the defendant; and
(3) the alleged victim was prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believed that resistance would not prevent the rape.
Clearly the record shows that Weeks was not the spouse of the defendant, nor that she consented to having sex with him.
The only evidence concerning the act of sexual intercourse is the testimony of the victim. There was no other factual evidence to corroborate her testimony. Nevertheless, we find that any rational trier of fact could have reasonably concluded that the evidence taken in the light most favorable to the prosecution, showed beyond a reasonable doubt sufficient proof of the element. Under the Jackson test we feel that the jury (fact finder) could have reasonably accorded great weight to the victim's testimony to the extent that this element of the crime was proven beyond a reasonable doubt.
There was no showing, however, of resistance on the part of the victim and very little evidence that she was prevented from resisting by force or threats of physical violence under the circumstances. Construing the evidence in a light most favorable to the prosecution, we do not feel that any rational trier of fact could find beyond a reasonable doubt that there was force or threats of physical violence where the victim reasonably believed that resistance to the act would be to no avail. We specifically note the trial court's written reasons in his denial of the motion for new trial (Tr-53):
"Had I been one of the jurors, or had this been a bench trial, I may have concluded... that the evidence was insufficient to prove, beyond a reasonable doubt, that the victim was prevented from resisting in the manner recited by the statute."
The trial judge went on to deny the motion for new trial on the basis that he would not supplant the findings of the jury with his own opinion. However, he concluded that the jury could have found that there was sufficient evidence to prove this element under the Jackson standard. We disagree.
Even if we were to give conclusive weight to the victim's testimony in the trial, the State has still failed to present evidence to prove an essential element of the crime. This is evidenced by the trial court's doubt in his reasons as stated above. Certainly, the victim was afraid, but she also testified that the defendant said he would not hurt her. It is important to note that all of the witnesses who saw the victim immediately after the alleged rape testified that they did not see any cuts, bruises or evidence of any physical attack. Her own testimony indicates that she did not make any efforts to resist. The victim asserted at trial that the defendant threatened to kill her, yet, he did nothing to warrant a reasonable person in these circumstances to believe that resistance would not prevent the rape. The victim testified that she took her own pants off while defendant disrobed. She admitted that she never saw the object under the seat which defendant allegedly threatened to kill her with.
After a thorough review of the record we find that the evidence is insufficient to convince a reasonable fact finder beyond a reasonable doubt that the victim was prevented from resisting the act by threats of force or physical violence under the circumstances. We recognize that there are cases holding that the victim's testimony is sufficient to establish an essential element of a crime. State v. Rives, 407 So.2d 1195 (La. *1309 1981). However, it is clear, that the victim's testimony in this case, even when construed in a light most favorable to the prosecution, leaves reasonable doubt in the minds of reasonable men as to the commission of an essential element of the crime. Therefore, the State has failed to carry it's burden of proof under Jackson v. Virginia, supra., as to an essential element of the crime. Defendant's motion for a new trial challenging the legal sufficiency of the evidence was improperly denied by the trial court.
The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution precludes a second trial once a reviewing court has found the evidence legally insufficient to support a guilty verdict. Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1980). Therefore, reversal of the trial court's ruling on a motion for a new trial based on legal insufficiency of the evidence will result in an acquittal of the defendant.
Based on the foregoing reasons and authority, the trial court ruling on the motion for a new trial is reversed and the defendant accordingly acquitted.
REVERSED AND RENDERED.
STOKER, J., dissents and assigns written reasons.
STOKER, Judge, dissenting.
With respect, I dissent from the reversal of defendant's conviction in this case. Defendant was charged with aggravated rape but was found guilty of the lesser included crime of forcible rape by a ten to two decision of the jury. It is true, as the victim admits, that the victim did not resist beyond remonstrance and initial refusal to cooperate. She also admits to removing one leg from her pants at the order of the defendant. However, I believe that the resistance standard applied by the majority is more appropriate to that prescribed for aggravated rape as set forth in LSA-R.S. 14:42.
The resistance standard contained in the definition of the crime of aggravated rape in LSA-R.S. 14:42, together with the prescribed punishment is:
"Aggravated rape is a rape committed where anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
"(1) Where the victim resists the act to the utmost, but whose resistance is overcome by force; or
"(2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution; or
"(3) Where the victim is prevented from resisting the act because the offender is armed with a dangerous weapon;...
* * * * * *
"Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence." (Emphasis added.)
Acts 1978, No. 239, § 1. Amended by Acts 1981, No. 707, § 1.
The resistance standard (not resistance in fact) required for forcible rape is contained in the definition of the crime set forth in LSA-R.S. 14:42.1:
"Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.

"Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than two nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence." (Emphasis added.) Acts 1978, No. 239, § 1.
At the present time, although it was not so at the time of defendant's trial and conviction, *1310 the crime of sexual battery, defined in LSA-R.S. 14:43.1, is a lesser included offense of both aggravated rape and forcible rape. LSA-C.Cr.P. art. 814 A 8 and 10. Sexual battery is defined in LSA-R.S. 14:43.1 as:
"Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender compels the other person to submit by placing the person in fear of receiving bodily harm:

"(1) The touching of the anus or genitals of victim by the offender using any instrumentality or any part of the body of the offender; or
"(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
"Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, for not more than ten years." (Emphasis added.) Acts 1978, No. 239, § 1. Amended by Acts 1981, No. 624, § 1, eff. July 20, 1981.
Forcible rape falls squarely between aggravated rape and sexual battery. In forcible rape the victim is not required to actually resist. It is necessary only that the victim be prevented from resisting either from (1) force or (2) threats of physical violence justifying the victim in believing that resistance will not prevent the rape. All that is required is a reasonable belief. In this conviction it should be noted that, if defendant had actually produced a dangerous weapon from under the automobile seat, he would most certainly have been guilty of aggravated rape.
Under the circumstances, and comparing the varying elements of the crimes of aggravated rape, forcible rape and sexual battery, I believe the jury could have reasonably concluded that the victim in this case was prevented from resisting the act of rape because of defendant's threats to kill her if she did not cooperate and submit combined with his statement that he had something under the seat with which he could kill her. The jury could reasonably have concluded that the victim did believe, and believed reasonably, that resistance would not prevent rape. This is particularly so when the jury's vote of ten to two is measured against the standard of Jackson v. Virginia, 443 So.2d 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The victim in this case stated that she submitted because the defendant threatened to kill her if she did not. Although she did not state in so many words that she did not resist because she believed that resistance would not prevent the rape, that is the clear meaning of her testimony. If that meaning is not given to her testimony, it is tantamount to requiring a person threatened with rape to either be faced with a dangerous weapon or to resist to the utmost and, in either case, subject themselves to the possibility of great physical harm or death. This is resistance in the context of aggravated rape. Forcible rape requires less.
The jury believed the victim. Believing that, they were entitled to believe her failure to resist or attempt escape was prevented because of the threat of being killed and that her belief was reasonable. I would affirm the conviction of forcible rape.