BARRY, Judge.
A unanimous jury convicted the defendant of forcible rape, La.R.S. 14:42.1. He was sentenced to eight years at hard labor, of which six years were suspended and two years are to be served without benefit of parole, probation or suspension of sentence.
FACTS
Shortly before 6:00 a.m. on October 24, 1986, Gwendolyn Barrow left the Paradise Bar on Franklin Avenue. The defendant, whom Ms. Barrow had seen in the bar, offered her a ride home which she reluctantly accepted. The defendant drove to St. Roch Park and parked inside the fence. Ms. Barrow leaped out of the car but could not find a gate and screamed to a passing car. The defendant dragged her by the hair back to the car and verbally threatened her. He forced Ms. Barrow into the back seat, pulled off her clothes, and raped her.
Officers Moretti and Broussard responded to a disturbance call and observed the defendant holding a struggling Ms. Barrow by the arm. The defendant’s pants were unzipped and his belt undone. The defendant explained that he and his “old lady” had just had sex. Ms. Barrow told police the defendant raped her. Officer Moretti read the defendant his rights, the defendant signed a waiver form and said that Ms. Barrow voluntarily had sex with him.
The defendant claims seven assignments of error, but failed to brief or argue assignments # 1, 4 and 5. Assignments which are not briefed or argued are deemed abandoned. Uniform Rules of Courts of Appeal, Rule 2-12.4.
Assignment No. 2
The defendant argues that the judge of Section E erred by transferring the case to Section F without a showing of necessity and in spite of the defendant’s objection. The defendant does not allege or explain any prejudice. Defense counsel must be aware that such a transfer is authorized by Rule V (B) Sec. I of Rules of the Criminal District Court.
This assignment is frivolous.
Assignment No. 3
The defendant argues that it was error to hold the motions hearing and trial *104 on the same day. The record shows that the defendant had one month’s notice of the hearing date and trial. He did not object prior to the trial or request a continuance.
This assignment is frivolous.
Assignment No. 6
The defendant argues that the evidence is insufficient to support his conviction of forcible rape.
When reviewing the evidence for sufficiency, the due process clause of the Fourteenth Amendment requires that the appellate court view the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt. State v. Bunch, 510 So.2d 1266 (La.App. 4th Cir.1987), Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The defendant contends that even if a reasonable factfinder accepted Ms. Barrow’s testimony, there is insufficient proof to show that she believed her resistance would be futile.
A rape is forcible if “the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.” La.R.S. 14:42.1:A. A rape victim’s uncorroborated testimony can be sufficient to establish an essential element of the crime. State v. Rives, 407 So.2d 1195 (La.1981).
The defendant relies on State v. Powell, 438 So.2d 1306 (La.App. 3rd Cir.1983),[1] where that defendant’s conviction was reversed because the rape victim did not make an effort to resist and removed her underwear unassisted. Although the defendant threatened to kill the victim, the majority in Powell concluded “he did nothing to warrant a reasonable person ... to believe that resistance would not prevent the rape." Id. at 1308.
Powell is inapplicable to these facts. It is clear that Ms. Barrow’s resistance meets the statutory test. She escaped from the car and screamed to a passerby, a fact confirmed by the police response. The defendant dragged her by the hair back to the car and threatened her if she did not cooperate. Ms. Barrow continued to struggle, but the defendant pushed her down on the back seat, pulled her clothes off, and had forced intercourse. When the police arrived they saw the defendant holding Ms. Barrow’s arm and she was struggling to pull away.
Ms. Barrow did all that could be expected under the circumstances.
This assignment has no merit.
Assignment No. 7
The defendant contends that he was denied effective assistance of counsel.
His burden is to prove that his attorney’s performance was deficient which prejudiced his case. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The alleged prejudice must be so great that it resulted in the guilty verdict. State v. Bienemy, 483 So. 2d 1105 (La.App. 4th Cir.1986).
To support this assignment, the defendant makes general allegations, unsupported by the record, that his attorney neglected to prepare for trial (no specifics) and made numerous trial errors (not specified). The defendant does not explain how his counsel’s alleged errors caused prejudice.
This assignment is frivolous.
We have reviewed the record for errors patent and there are none.
The conviction and sentence are affirmed.
AFFIRMED.

. The writer agrees with Judge Stoker's dissent in Powell