STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1027

STATE OF LOUISIANA

VERSUS

WILBERT TOUCHET, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 39,800
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

Pickett, J., dissents in part and assigns written reasons.

REVERSE AND VACATE THE CONVICTION OF
AGGRAVATED RAPE, ENTER A JUDGMENT OF
GUILTY OF SEXUAL BATTERY AND REMAND
FOR SENTENCING; REVERSE AND VACATE THE
CONVICTION OF SECOND DEGREE BATTERY,
ENTER A JUDGMENT OF GUILTY OF SIMPLE
BATTERY AND REMAND FOR SENTENCING;
REVERSE AND VACATE THE CONVICTION OF
FALSE IMPRISONMENT.

Michael Harson
District Attorney
Fifteenth Judicial District Court
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
Counsel for Appellee:
    State of Louisiana

**Edward Kelly Bauman**
**Louisiana Appellate Projects**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
**Wilbert Touchet, Jr.**

**Richard Johnson Putnam, III**
**118 South State Street**
**Abbeville, LA 70510**
**(318) 893-0076**
**Counsel for Appellee:**
**State of Louisiana**

**Wilbert Touchet, Jr.**
**Elayn Hunt Correctional**
**P. O. Box 174**
**St. Gabriel, LA 704476**

**DECUIR, Judge.**

## FACTS

The State of Louisiana alleges that the Defendant struck the victim with his fists, forced her to remove her clothing at knife point, and had sexual intercourse with the victim against her will.

The Defendant, Wilbert Touchet, Jr., was charged with aggravated rape committed in violation of La.R.S. 14:42, second degree battery committed in violation of La.R.S. 14:34.1, and false imprisonment while armed with a dangerous weapon in violation of La.R.S. 14:46.1. The Defendant was arraigned and entered pleas of not guilty to all charges.

The Defendant waived his right to a trial by jury. Following a bench trial, the trial judge found the Defendant guilty as charged on all three counts. The trial court sentenced the Defendant to a mandatory sentence of life imprisonment on the charge of aggravated rape, five years imprisonment to run concurrently with the life sentence on the charge of second degree battery, and five years imprisonment to run concurrently to the other two on the charge of false imprisonment.

The Defendant appeals these convictions.

## SUFFICIENCY OF THE EVIDENCE

The Defendant sets forth one assignment of error alleging the evidence submitted by the State is insufficient to support conviction of the three offenses charged. With regard to sufficiency of the evidence, this court set forth as follows in *State v. Lambert*, 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979); *State ex rel. Graffagnino v. King,* 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to

weigh the respective credibility of the witness. Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See King*, 436 So.2d 559, citing *State v. Richardson*, 425 So.2d 1228 (La.1983).

In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. In order for this court to affirm a conviction, the record must reflect that the State has satisfied this burden of proving the elements of the crime beyond a reasonable doubt. *State v. Kennerson*, 96-1518 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367.

## *Aggravated Rape*

The trial court found the Defendant guilty of aggravated rape in violation of La.R.S. 14:42(A)(3), which states, in pertinent part:

> A. Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
>
> . . . .
>
> (3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.

The victim testified that she met the Defendant around Mardi Gras 2002. The two subsequently spent several nights together. At some point, the Defendant left to go to work offshore. While he was offshore, the victim rented a house for the two to live in together when he returned. All of this happened between Mardi Gras and the first week of March 2002. When the Defendant returned from working offshore, he moved in with the victim. The two slept together in a small bedroom in the rented house.

The victim stated that about two weeks after they had moved in together, she and the Defendant had gone on an outing and when they returned, the Defendant told

2

the victim that she had been acting like a whore. Upon arriving at their home, they entered the home, and the Defendant locked the front door. The victim proceeded to go to the bathroom, which was through the bedroom. The Defendant met the victim and told her, "[i]f you want to act like a whore, I'm going to treat you like a whore," and told the victim to remove her clothing. The victim testified that she told the Defendant no at first. At that point, the Defendant pulled out a pocket knife. Then the victim testified that she did not remember the knife being very close to her, but "he came to [her] with it." The victim stated that she believed that he was capable of using the knife and that she was scared that if she tried to get away, the Defendant would catch up to her.

After refusing once or twice, the victim removed her own clothing at the Defendant's prompting. She stated she probably would have removed her clothing even if he had not had the knife because she was the "underdog." After she removed her clothing, the Defendant "set the knife down" and "proceeded to come up on [her]." At that point the two had sexual intercourse.

The victim testified that she did not want to have sex. The victim stated that she resisted the Defendant verbally, but did not get up and leave the room because she was scared. On cross-examination, the victim stated that other than saying no, she did not resist the Defendant in any way.

The Defendant testified that he never held a knife to the victim's throat and raped her. The Defendant further testified that the victim never indicated to him that she did not want to have sex with him.

In *State v. Jackson*, 03-1079 (La.App. 3 Cir. 2/4/04), 866 So.2d 358, *writ denied*, 04-1126 (La. 10/8/04), 883 So.2d 1027, this court upheld the defendant's conviction of aggravated rape. In *Jackson*, the defendant forced two women upstairs

3

at knife point, tied one of the women up with an electrical cord and put her in a hall closet. The victim testified that while he was tying up the other woman, the defendant told her to shut up "that he had killed a woman in Houston and he would not hesitate killing two more." *Id.* at 363. Then Jackson told the victim to go into a room. He approached the victim, twisted her shirt around her neck, placed the knife at her throat and said, "you do it or I do it." *Id.* at 364. The victim then requested that they go into another room, which she testified contained items that she could have used as a weapon. During the rape, the victim testified that Jackson did not have the knife, but still had a pair of scissors, which were either in his hand or on the floor near the victim's head during the rape. The victim stated that during the attack the defendant had one hand on his penis and the other hand on her shoulder holding her down; the scissors were on the floor next to her head. After raping the victim, Jackson forced her into a bathroom, took her shoes, tied the door shut from the outside and left in the victim's vehicle. In affirming Jackson's conviction, this court stated:

> In the present case, the occurrence of sexual intercourse is undisputed; the contested issue is whether the sex was consensual. R.M. testified the defendant had a knife to her throat when he ordered her to undress. Although the defendant put the knife down prior to the rape, R.M. testified the defendant had one hand on her shoulder and the scissors were near her head. Although it is not clear whether the scissors were actually in the defendant's hand during the perpetration of the rape, the jury was reasonable in determining that they were easily accessible to him.

*Id.* at 366.

In the case at bar, unlike *Jackson*, the victim testified that the Defendant did not get near her with the knife. Also unlike *Jackson*, the victim did not testify that the knife or any other weapon was accessible to the Defendant during the commission of the sexual act. Accordingly, we find that the evidence viewed in the light most

4

favorable to the prosecution is not sufficient to uphold a conviction of aggravated rape.

We will, therefore, examine whether any responsive verdict was proven. Forcible rape is a proper responsive verdict for aggravated rape. La.Code Crim.P. art. 814(A)(8). We will review the evidence in order to determine if the evidence is sufficient for a conviction of forcible rape.

The definition of forcible rape is set forth in La.R.S. 14:42.1 as follows:

A. Forcible rape is rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:

(1) When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.

In *State v. Parish*, 405 So.2d 1080 (La.1981) (on rehearing) (footnote omitted), the supreme court reversed the defendant's conviction of attempted aggravated rape and substituted the conviction of attempted forcible rape, stating:

This court has held that forcible rape is merely a lesser degree of the crime of aggravated rape, permitting a responsive verdict, La.C.Cr.P. art. 814, subd. A(8) (as amended in 1975), to the charge of aggravated rape. *State v. Drew*, 360 So.2d 500 (La.1978); *State v. Fletcher*, 341 So.2d 340 (La.1976). The only distinction between aggravated and forcible rape is the degree of force employed and the extent to which the victim resists. *State v. Turnbull*, 377 So.2d 72 (La. 1979). Nevertheless, the jury is authorized to subject a guilty defendant to more severe punishment by convicting him of aggravated rape rather than forcible rape. The penalty for aggravated rape is life imprisonment with hard labor without parole, probation or suspension, and the maximum sentence which may be imposed for forcible rape is forty years at hard labor.

We conclude, therefore, that it was the legislative aim to divide the continuum of acts of coerced sexual intercourse into two categories, aggravated rape and forcible rape, thereby assigning to the jury the function of fixing the range of permissible punishment for convicted offenders by returning a verdict which appropriately fits the crime and the degree of force employed. Accordingly, the question we are called upon to decide is whether any reasonable jury, viewing all of the

5

evidence, in the light most favorable to the prosecution, could find beyond a reasonable doubt that the defendant actively desired to cause the specific results required by both the aggravated and forcible rape statutes and that the degree of force employed warranted punishment in the greater, rather than lesser, degree. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The evidence in this case is sufficient to warrant a jury's finding that defendant actively desired to commit an act of sexual intercourse without the victim's consent by preventing her resistance with a threat of great harm under circumstances where the victim reasonably believed resistance would have been futile. The victim testified that the defendant obtained entry to her apartment under false pretenses, seized her by the throat, clasped her mouth, said he wanted to make love, warned that he would kill her if she screamed, and dragged her toward a bedroom. She stated that he outweighed her about 130 pounds and was almost a foot taller.

The evidence does not constitutionally justify, however, the jury's election to return a verdict of aggravated rape rather than forcible rape. Within the range of attempted coercive sexual acts, the offense in this case clearly falls among those involving a minimal use of force. Although the victim was frightened and perhaps disturbed psychologically, she was released substantially unharmed. The defendant abandoned his attempt for no reason other than a change of mind. He did not fondle the victim or subject her to any sexual indignity. The evidence viewed from the perspective most favorable to the prosecution does not support a finding beyond a reasonable doubt that the degree of force employed warrants punishment in the greater degree as attempted aggravated rape, rather than in the lesser degree as attempted forcible rape.

The Defendant in this case did not use as much force as the defendant in *Parish*. In *Parish*, the victim and the defendant engaged in a struggle during which the victim lost a contact lens, tore her blouse, and received a small cut near her eye. The defendant also choked the victim and threatened to kill her. In this case, the Defendant held a knife toward the victim and told her to remove her clothing. When the victim complied, the Defendant put the knife down, came over to her, and the two engaged in sexual intercourse. The victim testified that the only resistance she offered was saying no when the Defendant told her to remove her clothing. The victim did not testify that the Defendant verbally threatened her during this incident.

6

In *State v. Powell*, 438 So.2d 1306 (La.App. 3 Cir.), *writ denied*, 443 So.2d 585 (La.1983), this court held that the evidence was insufficient to uphold the Defendant's conviction for forcible rape. In *Powell*, the defendant picked the victim up on the street corner where she was waiting for her ride. The victim testified that after getting into the defendant's car, he brought her to a secluded area and threatened to kill her when she refused to have sexual intercourse with him. The defendant struck the victim several times in the face while threatening to kill her with a weapon that he claimed was underneath the seat. The victim testified that she never saw a weapon. After being struck and threatened, the victim removed her own pants and engaged in sexual intercourse with the defendant. In reversing Powell's conviction, this court stated:

> The only evidence concerning the act of sexual intercourse is the testimony of the victim. There was no other factual evidence to corroborate her testimony. Nevertheless, we find that any rational trier of fact could have reasonably concluded that the evidence taken in the light most favorable to the prosecution, showed beyond a reasonable doubt sufficient proof of the element. Under the Jackson test we feel that the jury (fact finder) could have reasonably accorded great weight to the victim's testimony to the extent that this element of the crime was proven beyond a reasonable doubt.
>
> There was no showing, however, of resistance on the part of the victim and very little evidence that she was prevented from resisting by force or threats of physical violence under the circumstances. Construing the evidence in a light most favorable to the prosecution, we do not feel that any rational trier of fact could find beyond a reasonable doubt that there was force or threats of physical violence where the victim reasonably believed that resistance to the act would be to no avail.
>     . . . .
>
> After a thorough review of the record we find that the evidence is insufficient to convince a reasonable fact finder beyond a reasonable doubt that the victim was prevented from resisting the act by threats of force or physical violence under the circumstances. We recognize that there are cases holding that the victim's testimony is sufficient to establish an essential element of a crime. *State v. Rives*, 407 So.2d 1195 (La.1981). However, it is clear, that the victim's testimony in this case, even when construed in a light most favorable to the prosecution, leaves

7

reasonable doubt in the minds of reasonable men as to the commission of an essential element of the crime. Therefore, the State has failed to carry it's burden of proof under *Jackson v. Virginia*, supra., as to an essential element of the crime.

*Id*. at 1308-09.

While the victim in this case actually saw the weapon the Defendant possessed, the victim did not testify that the Defendant actually verbally threatened her with the weapon. The victim in *Powell* was struck several times in the face; the victim in the case at bar did not testify that she was struck the Defendant during this incident. Like *Powell* there is little showing of resistance on the part of the victim and little evidence that she was precluded from resisting by force or threats of force. The victim stated that the Defendant pulled the knife out and opened it, but did not remember the knife being very close to her; she stated that she removed her own clothing and that the Defendant put the weapon down before approaching her. The victim also stated that other than saying no to removing her clothing, she offered no other resistance to the attack. In *Powell*, the defendant and the victim were at most acquaintances. In the case at bar, the victim and the Defendant were involved in an intimate relationship both before and after the incident.

The testimony of the victim, when viewed in the light most favorable to the prosecution left reasonable doubt as to whether the victim was "prevented from resisting the act by force or threats of physical violence." Therefore, the evidence does not meet the elements necessary for convicting the Defendant of forcible rape.

Because the evidence is insufficient to convict the Defendant of the responsive verdict of forcible rape, we will review the evidence to determine whether or not the next responsive verdict was proven. Sexual battery is listed by La.Code Crim.P. art. 814(A)(8) as the next proper responsive verdict for aggravated rape. Louisiana Revised Statutes 14:43.1 provides, in pertinent part:

8

A. Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:

> (1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender.

The victim testified that she did not consent to having sex with the Defendant. The victim also testified that the Defendant's penis touched her vagina. We find that because the victim testified that she did not consent and because the victim testified that the Defendant touched her genitals, the elements for the offense of sexual battery have been met.

Accordingly, we reverse the Defendant's conviction of aggravated rape and substitute a conviction for sexual battery, a statutory responsive verdict pursuant to La.Code Crim.P. art. 814(A)(8), and remand this case for re-sentencing in conformity with the conviction of sexual battery.

### Second Degree Battery

Louisiana Revised Statute 14:34.1, which sets forth the elements for the offense of second degree battery provides, in pertinent part:

> Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.

> For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.

In order to prove second degree battery, therefore, the State must establish beyond a reasonable doubt that the Defendant (1) committed a battery upon the victim, (2) without her consent, and (3) intentionally inflicted serious bodily injury.

9

When viewed in the light most favorable to the prosecution, we find the State presented sufficient evidence to establish that the Defendant committed a battery upon the victim and that it was without her consent. We find the State presented insufficient evidence, however, that the Defendant inflicted "serious bodily injury" as defined in the statute.

The victim testified that certain of the bruises depicted in the photographs submitted into evidence were inflicted by the Defendant at their home in Vermilion Parish prior to another incident in Cameron Parish. The evidence is sufficient to establish, therefore, that a battery occurred in Vermilion Parish and these bruises resulted from that battery. The battery established by the evidence, however, does not rise to the level of a second degree battery because the evidence is insufficient to prove "serious bodily injury" within the meaning of the statute. There was no evidence presented that the victim lost consciousness, suffered a "protracted and obvious disfigurement," suffered a "protracted loss or impairment of the function of a bodily member, organ, or mental faculty," or was put at "substantial risk of death." The question becomes, therefore, whether the injuries inflicted caused "extreme physical pain."

While we do not doubt, viewing the evidence presented, that the Defendant's actions caused pain to the victim, we find no testimony that supports a finding of "extreme physical pain" as contemplated by the statute. In *State v. Helou*, 02-2302 (La. 10/23/03), 857 So.2d 1024, 1029, the court stated the presence of blood alone does not constitute serious bodily injury and noted that it "cannot infer that the loss of blood is tantamount to 'extreme physical pain.'" The court further noted that it "cannot infer that a punch in the nose, without more evidence, is sufficient to support a conviction of second degree battery." *Id.* Likewise, in the case before us, we find

10

the Defendant hit the victim in Vermilion Parish, but there is no evidence that the victim experienced "extreme physical pain."

We do find sufficient evidence was presented to uphold a conviction of simple battery. Under La.Code Crim.P. art. 814(A)(15) simple battery is an authorized responsive verdict to a charge of second degree battery. Accordingly, we reverse the Defendant's conviction of second degree battery and hereby enter a conviction of simple battery against the Defendant, and remand to the trial court for the purpose of sentencing the Defendant for simple battery.

***False Imprisonment***

In order for this court to uphold a conviction of false imprisonment while armed with a dangerous weapon, La.R.S. 14:46.1 requires the State prove that the Defendant unlawfully and intentionally confined or detained the victim while armed with a dangerous weapon.

Although the record established that the victim was intimidated by the Defendant, and that he insisted on accompanying her when they left the house, the record reflects no evidence whatsoever that the victim attempted to leave the home and was prevented from doing so by the Defendant.

Accordingly, we vacate the Defendant's conviction for false Imprisonment while armed with a dangerous weapon.

**CONCLUSION**

The Defendant's conviction for the offense of aggravated rape is vacated and this court enters a conviction for the responsive offense of sexual battery and remands for sentencing. The Defendant's conviction for second degree battery is vacated and this court enters a conviction for the responsive offense of simple battery and

11

remands for sentencing.  The Defendant's conviction for false imprisonment is reversed.

**REVERSE AND VACATE THE CONVICTION OF AGGRAVATED RAPE, ENTER A JUDGMENT OF GUILTY OF SEXUAL BATTERY AND REMAND FOR SENTENCING; REVERSE AND VACATE THE CONVICTION OF SECOND DEGREE BATTERY, ENTER A JUDGMENT OF GUILTY OF SIMPLE BATTERY AND REMAND FOR SENTENCING; REVERSE AND VACATE THE CONVICTION OF FALSE IMPRISONMENT.**

NUMBER 04-1027

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

WILBERT TOUCHET, JR.

**Pickett, Judge, dissenting in part.**

I join the opinion of the court with respect to the defendant's convictions for second degree battery and false imprisonment. I respectfully dissent from the finding that the conviction for aggravated rape must be vacated. I would find that the evidence, when viewed in a light most favorable to the prosecution, is sufficient to uphold the trial court's finding that the defendant was guilty of aggravated rape as defined at La.R.S. 14:42(A)(3).