# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-1377

**STATE OF LOUISIANA**

**VERSUS**

**MARK JARAMILLO**

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## NINTH JUDICIAL DISTRICT COURT
## PARISH OF RAPIDES, DOCKET NO. 266,281
## HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JAMES T. GENOVESE
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and James T. Genovese, Judges.

**CONVICTION AND SENTENCE AFFIRMED;
REMANDED WITH INSTRUCTIONS.**

G. Paul Marx
Louisiana Appellate Project
Post Office Box 82389
Lafayette, Louisiana 70598-2389
(337) 237-2537
COUNSEL FOR DEFENDANT/APPELLANT:
    Mark Jaramillo

James C. Downs
District Attorney - Ninth Judicial District
ADA Sheryl L. Laing
Post Office Drawer 1472
Alexandria, Louisiana 71309-1472
(318) 473-6650
COUNSEL FOR APPELLEE:
    State of Louisiana

**GENOVESE, Judge.**

The Defendant, Mark Jaramillo, was originally indicted on August 15, 2002, and charged with one count of aggravated rape, in violation of La.R.S. 14:42. On January 26, 2006, pursuant to trial by jury, the Defendant was found guilty of the responsive verdict, sexual battery, in violation of La.R.S. 14:43.1. On August 7, 2006, the Defendant was sentenced to ten years at hard labor, to run consecutively to any other sentences he might be subject to, with credit for time served.

On August 7, 2006, the Defendant, through counsel, orally moved to appeal his conviction.[1] In his appeal, the Defendant alleges the following assignments of error:

> 1) that the trial court erred by allowing the victim's drawings as testimonial evidence without any foundation of interpretation of the drawings and by providing the drawings to the jury during deliberations;
>
> 2) that the evidence presented at trial was insufficient to find him guilty of the crimes of which he was convicted because the state did not prove that the claims of abuse were not the result of the hallucinations or the psychosis of the victim because of his mild retardation and that his testimony was incoherent, bizarre and illusory; and
>
> 3) that the trial court failed to advise the Defendant of the time limits set forth in La.Code Crim.P. art. 930.8 in which to file an application for post conviction relief.

### FACTS

According to the bill of indictment, between November 21, 1997 and September 19, 1998, the Defendant engaged in conduct with the victim, constituting the elements of the crime of which he was convicted. The following facts were adduced at trial, and the alleged criminal conduct occurred during the aforementioned time frame. On at least one occasion, it is alleged that the Defendant forced the

---

[1] The Defendant did not file a written appeal; however, La.Code Crim.P. art. 914(A) permits an oral motion for appeal.

victim, S.N.,[2] to engage in oral intercourse and touched the victim's buttocks with his penis. At the time the Defendant was alleged to have engaged in this conduct, S.N. was 10 years old.

***Errors Patent & Assignment of Error No. 3***

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. Hence, we will first address the issue of errors patent. After reviewing the record, there is one error patent.

As raised in Defendant's Assignment of Error No. 3, there is no indication in the record that the trial court advised the Defendant of the prescriptive period for filing post-conviction relief. Louisiana Code of Criminal Procedure Article 930.8 requires the trial court to advise a defendant of the prescriptive period at sentencing. Accordingly, this case is remanded, and the trial court is instructed, to inform the Defendant of the 930.8 prescriptive period by sending appropriate written notice to the Defendant within thirty days of the rendition of this opinion and to file written proof of same in the record.

***Assignment of Error No. 2***

When multiple issues are raised on appeal, and sufficiency of the evidence is one of the alleged errors, the reviewing court should first determine the sufficiency of the evidence error. *State v. Hearold*, 603 So.2d 731 (La.1992). Consequently, we will first discuss the Defendant's sufficiency claim. In his second assignment of error, the Defendant alleges that the evidence presented at trial was insufficient to find him guilty of sexual battery because the State did not prove that the claims of abuse were not the result of the hallucinations or the psychosis of the victim because

---

[2]In accordance with La.R.S. 46:1844(W)(1)(a), initials of the victim are used to protect the identity of the victim.

he is mildly retarded and that his testimony was incoherent, bizarre and illusory. In support of this allegation, the Defendant cites *State v. Bruce*, 577 So.2d 209 (La.App. 1 Cir.), *writ denied*, 580 So.2d 667 (La.1991), where the appellate court reversed a molestation of a juvenile conviction due to insufficiency of the evidence where in response to questions at trial, the four-year-old victim was only able to respond with yes or no answers, and he was not able to testify that the defendant had any inappropriate contact with him.

The instant case is clearly distinguishable. S.N. was seventeen at the time he testified, he was able to completely answer the questions posed by the prosecutor and the Defendant's attorney, and he was able to testify about the Defendant's conduct sufficiently enough to establish the elements of the offense of which the Defendant was convicted. The Defendant also alleges in his brief that the State failed to prove that S.N.'s testimony was not the result of hallucinations or psychosis of the victim. While S.N.'s mild retardation might impact his credibility as a witness, it does not impact his capacity to testify. In *State v. Wilkerson*, 448 So.2d 1355, 1361-62 (La.App. 2 Cir.), *writ denied*, 450 So.2d 361 (La.1984), the appellate court stated:

> [c]ertainly, this witness' defects of capacity sensory or mental, which would have lessened her ability to perceive the facts which she purports to have observed were provable to attack the credibility of the witness, either upon cross-examination or producing other witnesses to prove the defect. However, such matters go to her credibility, not her competency, which is properly determined by the trial court.

Consequently, the issue of the mental capacity of a witness goes to his credibility which the trier of fact has the responsibility to assess. In the instant case, the record indicates that the jury did not find the victim completely credible, as it convicted the Defendant of sexual battery, a lesser offense than aggravated rape.

3

Also, in support of his insufficiency argument, the Defendant cites *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979). In *State v. Touchet,* 04-1027, pp. 1-2 (La.App. 3 Cir. 3/9/05), 897 So.2d 900, 902, this court stated:

With regard to sufficiency of the evidence, this court set forth as follows in *State v. Lambert,* 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27:

When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses. Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See King,* 436 So.2d 559, citing *State v. Richardson*, 425 So.2d 1228 (La.1983).

In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. In order for this court to affirm a conviction, the record must reflect that the State has satisfied this burden of proving the elements of the crime beyond a reasonable doubt. *State v. Kennerson*, 96-1518 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367.

The Defendant in this case was convicted of one count of sexual battery, in violation of La.R.S. 14:43.1, which states, in pertinent part:

Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:

(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or

4

> (2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim. . . .

In order to prove that a defendant is guilty of sexual battery, the state must prove beyond a reasonable doubt: (1) that the defendant touched the anus or genitals of the victim, or the victim touched the anus or genitals of the defendant; and (2) that the touching was without consent of the victim. A review of the record indicates there was sufficient evidence presented at trial to find the Defendant guilty of one count of sexual battery.

At trial, S.N. testified that the Defendant ". . . would put his d_ _ k in my mouth and on my butt." S.N. also testified at trial that at the time the Defendant engaged in this conduct he was ten years old. Based on S.N.'s testimony, the State presented sufficient evidence to prove the elements of the crime of sexual battery. Also, in his brief, the Defendant points out that there was no physical evidence of any sexual abuse or activity discovered during a physical examination that was conducted subsequent to S.N.'s initial claim of sexual molestation when he was ten years old. The appellate court in *State v. Turner*, 05-75 (La.App. 5 Cir. 5/31/05), 904 So.2d 816, *writ denied*, 05-2591 (La. 5/26/06), 930 So.2d 20, affirmed an aggravated rape conviction, holding that the testimony of the victim alone was sufficient to prove the elements of the offense even in the absence of physical evidence. In *Turner*, the victim had been raped by the defendant, but there was no physical evidence; however, the victim had consistently given the same account of the defendant's conduct which constituted the offense. Consequently, the fact that there was no physical evidence of sexual abuse in the present case, did not preclude the trier of fact from finding the Defendant guilty of sexual battery based on the testimony of S.N.

5

Additionally in his brief, the Defendant alleges S.N.'s testimony was bizarre, irrational, and incoherent based on the following facts and statements: (1) while he was allegedly raped at the age of ten, he did not report being raped until he was 17; (2) S.N. testified that he did not shave his eyebrows off, but that he "blew them off"; (3) when asked about his mental status, he testified, "I don't get very much attention because I'm slow, and no-one [sic] minds me anymore, any attention because I'm slow, no-one [sic], I'm ADHD, I'm ADD, I'm the ABC's"; and (4) while testifying, S.N. stated, "I don't want to use a lame term, but his penis." Even if the statements were bizarre, irrational, or incoherent as the Defendant alleges, that goes to S.N.'s mental state and ultimately his credibility. As previously discussed, the trier of fact may take that into consideration as it sees fit. *Wilkerson*, 448 So.2d 1355. Thus, the Defendant's allegation that the State did not prove the victim's testimony was not the result of hallucinations or psychosis is without merit.

The Defendant also alleges in his reply brief that the record does not contain facts that support the assumption that the victim accurately testified because he is psychotic and mentally impaired. The Louisiana Code of Evidence article 602 states in pertinent part, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge for the matter. Evidence to prove personal knowledge may, but need not, consist of testimony of the witness himself. . . ." In this case, there is nothing in the record that suggested that the Defendant challenged the competency of S.N. to testify. Furthermore, S.N. was the victim of the alleged crime which would ideally give him the required basis of personal knowledge of the conduct the Defendant engaged in, and thus was competent to testify in compliance with La.Code Evid. art. 602. Because S.N. was

6

qualified to testify, it was up to the trier of fact to determine how "accurately" he testified. Based on the foregoing analysis, the Defendant's second assignment of error is without merit.

***Assignment of Error No. 1***

In his first assignment of error, the Defendant alleges that the trial court erred by allowing the victim's drawings to be admitted as testimonial evidence without any foundation of interpretation of the drawings and by providing the drawings to the jury during deliberations. While the Defendant objected to the drawings being admitted into evidence at trial, he does not argue the issue on appeal. In this case, the trial court admitted into evidence eight drawings made by the victim when he was ten years old. The record indicates that the drawings were admitted into evidence for the limited purpose of showing the victim's state of mind to be determined by the trier of fact.

The only drawing that was subject to any interpretation was State exhibit S-1, which was interpreted by Vicky McBrayer, S.N.'s foster mother, who stated the picture meant that S.N. felt safe in the home of her and her husband. The remaining seven drawings were initially introduced during the direct examination of Mrs. McBrayer, and she was only allowed to describe what was contained in the drawings. Mrs. McBrayer's subsequent testimony was consistent with the trial court's direction with the exception of her description of State exhibit S-8. With respect to State exhibit S-8, Mrs. McBrayer simply repeated statements made by S.N. while she was describing the drawing. In overruling the Defendant's objection to the hearsay testimony by Mrs. McBrayer, the court said such testimony was permissible on the

basis that Mrs. McBrayer was considered a first reporter.[3] On appeal, the Defendant does not argue that Mrs. McBrayer was not the first reporter or that the trial court erred in allowing her to testify as a first reporter. Furthermore, in his brief, the Defendant offers no jurisprudence that suggests the trial court erred in the manner in which it allowed the drawings to be introduced at trial or admitted into evidence. Consequently, the allegation that the trial court erred in allowing the drawings to be interpreted and admitted into evidence without the proper foundation is without merit.

In the Defendant's reply brief, he alleges that the State failed to offer any law in support of presenting hearsay and speculative evidence in the form of drawings by the alleged victim. However, a review of the transcripts reveals that the Defendant never objected to the admissibility of the drawings on the basis of hearsay.

The Defendant also alleges that the trial court violated La.Code Crim.P. art. 793 when it allowed the drawings to be submitted to the jury after they had retired to deliberate. As set forth below, the Defendant is precluded from asserting this argument. After the jury retired to deliberate, they sent a request to the court to review the drawings that had been admitted into evidence. Subsequently, the court and the attorneys for both sides engaged in a discussion regarding the implications of La.Code Crim.P. art. 793 in allowing the jury to view the drawings. The trial court, with assent from the Defendant, permitted the drawings to be reviewed by the jury during deliberations. Louisiana Code of Criminal Procedure article 841(A) states, in pertinent part: "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." *See State v. Collor*, 99-175

---

[3]"First reporter" is a termed used with respect to the La.Code Evid. art. 804(B)(5) exception which states, in pertinent part: "[a] statement made by a person under the age of twelve years and the statement is one of initial or otherwise trustworthy complaint of sexual assaultive behavior."

(La.App. 4 Cir. 4/26/00), 762 So.2d 96, *writ denied*, 00-1487 (La. 3/9/01), 786 So.2d 116, where the appellate court held that the defendant waived his right to challenge the fact that the jury was allowed to take a transcript of his confession into deliberations because he failed to contemporaneously object. Because the Defendant failed to contemporaneously object to the jury being allowed to view the drawings during deliberations, he is precluded from arguing on appeal that said viewing of the drawings was error.

**CONCLUSION**

This case is remanded to the trial court, and the trial court is instructed to inform the Defendant of the time limits set forth in La.Code Crim.P. art. 930.8 in which to file an application for post conviction relief by sending appropriate written notice to the Defendant within thirty days of the rendition of this opinion and to file written proof of same in the record. In all other respects, the Defendant's conviction and sentence are affirmed.

**CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.**