STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1269


STATE OF LOUISIANA

VERSUS

HERBERT LEE PREJEAN


\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 07-108791
HONORABLE MARILYN CASTLE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*

MICHAEL G. SULLIVAN
JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Michael G. Sullivan,
Judges.


AFFIRMED WITH INSTRUCTIONS.

Michael Harson
District Attorney
Post Office Box 3306
Lafayette, Louisiana  70502-3306
(337) 232-5170
Counsel for:
        State of Louisiana

Patrick D. Magee
Assistant District Attorney
Post Office Box 91847
Lafayette, Louisiana  70509-1847
(337) 231-5883
Counsel for:
        State of Louisiana

**J. Kevin Stockstill**
**Attorney at Law**
**117 Caillouet Place**
**Lafayette, Louisiana 70501**
**(337) 262-0203**
**Counsel for Defendant/Appellant:**
**Herbert Lee Prejean**

**Elizabeth A. Long**
**Attorney at Law**
**600 Jefferson Street, Suite 501**
**Lafayette, Louisiana 70501**
**(337) 266-2101**
**Counsel for Defendant/Appellant:**
**Herbert Lee Prejean**

**SULLIVAN, Judge.**

Defendant, Herbert Lee Prejean, was indicted by a grand jury on one count of aggravated rape of A.T.[1] in violation of La.R.S. 14:42. At the conclusion of a three-day jury trial, a unanimous verdict was rendered finding Defendant guilty as charged. Defendant filed a motion for post-verdict judgment of acquittal or modification of the verdict, which the district court denied in open court. Defendant was sentenced to life in prison, without benefit of parole, probation, or suspension of sentence.

Defendant now appeals. For the following reasons, we affirm with instructions.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there is one error patent.

The trial court failed to specifically deny Defendant eligibility for diminution of sentence on the conviction of aggravated rape which is required by La.R.S. 15:537(A)[2] and *State v. S.D.G.*, 06-174, 06-175 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244, 1254, *writ denied*, 06-1917 (La. 3/16/07), 952 So.2d 694, rendering Defendant's sentence illegally lenient. Therefore, we amend Defendant's sentence to reflect that diminution eligibility is denied pursuant to La.R.S. 15:537(A). We also instruct the trial court to make a notation in the minutes reflecting the amendment.

---

[1]The initials of the victim and her mother have been used throughout this opinion, in accordance with La.R.S. 46:1844(W), to protect the identity of the victim who is a minor and who is the victim of a sex offense.

[2]This statute requires that diminution of sentence be denied to all offenders who are convicted of or plead guilty to sex offenses.

1

# ASSIGNMENT OF ERROR

In his sole assignment of error, Defendant alleges that there was insufficient evidence presented at trial to convict him of aggravated rape. More specifically, he asserts that A.T.'s testimony was inconsistent and that the defense presented a witness who testified that A.T. had recanted her allegation of being anally raped by Defendant. Defendant also asserts that no physical evidence was presented at trial to support the State's claim that he had raped A.T.

In *State v. Touchet,* 04-1027, pp. 1-2 (La.App. 3 Cir. 3/9/05), 897 So.2d 900, 902, this court stated:

> With regard to sufficiency of the evidence, this court set forth as follows in *State v. Lambert,* 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27:
>
>> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses. Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See King*, 436 So.2d 559, citing *State v. Richardson*, 425 So.2d 1228 (La.1983).
>
>> In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. In order for this court to affirm a conviction, the record must reflect that the State has satisfied this burden of proving the elements of the crime beyond a reasonable doubt. *State v. Kennerson*, 96-1518 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367.

Defendant was convicted of one count of aggravated rape in violation of La.R.S. 14:42 which states, in pertinent part:

> A. Aggravated rape is rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the circumstances:
>
> . . . .
>
> (4) When the victim is under the age of thirteen years.

In order to prove that a defendant is guilty of aggravated rape of a child less that thirteen, the state must prove beyond a reasonable doubt that: (1) the defendant engaged in anal, oral, or vaginal intercourse deemed to be without consent of the victim because of (2) the victim's age at the time of the rape. *State v. Wright*, 96-786 (La.App. 3 Cir. 2/19/97), 690 So.2d 850, *writ denied*, 97-665 (La. 9/26/97), 701 So.2d 978.[3]

A.T. testified that she was nine years old at the time of trial and that Defendant had first anally raped her two years prior, when she was seven years old. Defendant does not dispute that the State proved that A.T. was under the age of thirteen at the time of the alleged rape.

**Inconsistency of A.T.'s Testimony**

The State, in its case in chief, offered testimony by A.T. regarding Defendant's conduct. The following colloquy took place between the District Attorney and A.T. regarding the first incident of Defendant's illicit conduct:

> Q. [District Attorney]   Okay. After he put the greasy stuff on his private part, what did he do with his private part?

---

[3]When *Wright* was decided, the applicable version La.R.S. 14:42 paragraph (A)(4) referred to a victim under the age of twelve years. 2003 La. Acts No. 795, § 1 substituted "thirteen years" for "twelve years" in paragraph (A)(4).

A. [A.T.]                    He put it in my butt.

The following is another colloquy between the District Attorney and A.T. surrounding Defendant's second incident of illicit conduct:

Q. [District Attorney]    How long did he keep his penis in your butt at
the hotel?

A. [A.T.]                    I don't know.

Q. [District Attorney]    Was it a long time?

A. [A.T.]                    I don't know for sure.

Q. [District Attorney]    You're not sure?

A. [A.T.]                    No.

Q. [District Attorney]    So you can't say for sure.  But you can say he
stuck his penis in your butt, correct?

A. [A.T.]                    Yes, sir.

In August 2005, A.T. was interviewed at Stuller Place[4] concerning her allegations against Defendant.  A video tape and transcript of that interview were admitted into evidence at trial.

Our review of the interview tape and transcript reveals that the substance of A.T.'s interview at Stuller Place was consistent with her trial testimony, i.e., that on two separate occasions, Defendant had anal sex with her.  Defendant's claim that A.T.'s testimony was inconsistent is without merit.

**A.T.'s Recantation**

At trial, Defendant elicited testimony from Allyson Prejean, an attorney from the public defender's office who represented A.T.'s mother, N.T., in a child in need of care proceeding instituted by OCS.  Ms. Prejean stated that her client informed her

---

[4]Stuller Place is a facility in Lafayette that conducts investigations of abuse on behalf of Office of Community Service (OCS) proceedings.

that during one of her OCS visits with A.T., and in the presence of OCS monitor Wanda Frasier, A.T. had recanted her allegations against Defendant. Based on that information, Ms. Prejean had privately questioned A.T. when they were both at court for an OCS hearing.[5] According to Ms. Prejean, A.T. told her that the allegations she had made against Defendant were not true, and that she had been encouraged by her aunt to make the allegations.

On cross-examination, however, Ms. Prejean admitted that when she attempted to follow up with Ms. Frasier, she did not recall any recantation taking place. Ms. Prejean also stated that she believed that N.T. was still dating Defendant at the time N.T. told her about the alleged recantation.

A.T. never recanted her allegations against Defendant under oath. Thus, the jury heard conflicting testimony regarding whether A.T. had ever recanted her allegations that Defendant had anally raped her. As noted above, the fact finder has the responsibility of determining witness credibility. The jury obviously determined that A.T. had not recanted her allegations against Defendant. We will not second-guess their finding.

**Sufficiency of the Evidence**

Defendant complains that the State failed to present any physical evidence or corroborating evidence to support the charge against him and that his conviction was based on nothing more than the testimony of a juvenile victim.

In affirming the aggravated rape conviction of the defendant in *State v. Turner*, 05-75, p. 12 (La.App. 5 Cir. 5/31/05), 904 So.2d 816, 823, *writ denied*, 05-2591 (La. 5/26/06), 930 So.2d 20, the appellate court noted that, "[i]n the case of sexual

_____

[5]Ms. Prejean stated that she had obtained the permission of both N.T. and the attorney representing A.T. prior to questioning A.T.

5

offenses, the testimony of the victim alone can be sufficient to establish the elements of a sexual offense, even where the State does not introduce medical, scientific or physical evidence to prove the commission of the offense." In *Turner*, although there was no physical evidence that the victim had been raped by the defendant, the victim had consistently given the same account of the defendant's conduct which constituted the offense.

As previously noted, the substance of A.T.'s trial testimony was consistent with that of her Stuller Place interview, i.e., that Defendant performed anal sex on her on two separate occasions when she was under the age of thirteen. Moreover, it had been over a year since the last alleged rape had occurred when A.T. was examined by Dr. Cecilia Nervez. And although Dr. Nervez testified that the results of A.T.'s exam were normal, she stated that her findings did not rule out the possibility of abuse because children have very good healing capacity, so that even extreme injuries like deep lacerations may heal after the passage of a year. Dr. Nervez added that very few children who are the victims of sexual abuse report the abuse immediately after it occurs. A.T.'s testimony alone was sufficient to support Defendant's conviction for aggravated rape.

## CONCLUSION

Defendant's conviction and sentence are affirmed. Defendant sentence is amended to reflect that diminution eligibility is denied pursuant to La.R.S. 15:337(A). The trial court is instructed to make a notation in the minutes reflecting the amendment.

**AFFIRMED WITH INSTRUCTIONS.**