# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 07-701


**STATE OF LOUISIANA**

**VERSUS**

**CLARENCE WALKER NELSON**


**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C9236-1
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.



**AFFIRMED.**



**Van Hardin Kyzar**
**District Attorney, Tenth Judicial District Court**
**P. O. Box 838**
**Natchitoches, LA 71458-0838**
**(318) 357-2214**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Mark Owen Foster**
**P.O. Box 2057**
**Natchitoches, LA 71457-2057**
**318-572-5693**
**Counsel for Defendant/Appellant:**
**Clarence Walker Nelson**

**Clarence Walker Nelson**
**Louisiana State Penitentiary**
**Hickory #2**
**Angola, LA 70712**

**EZELL, JUDGE.**

The Defendant, Clarence Walker Nelson, was found guilty of aggravated battery, in violation of La.R.S. 14:34. On November 28, 2006, he was sentenced to serve ten years at hard labor. On December 11, 2006, the State filed a habitual offender bill in accordance with La.R.S. 15:529.1. Thereafter, on January 26, 2007, the Defendant was adjudicated as a third-time habitual offender and sentenced to life in prison without benefit of parole, probation, or suspension of sentence. The Defendant filed his notice of appeal on February 7, 2007, which was granted by the trial court on February 12, 2007. The Defendant is now before this court seeking review of his conviction and adjudication, alleging the following assignments of errors:

> 1) The evidence was insufficient to support the aggravated battery conviction.
>
> 2) The evidence was insufficient to support the habitual offender adjudication.

Based on the analysis to follow, the Defendant's adjudication as a habitual offender is affirmed. We also hold that the aggravated battery conviction is not before this court, due to the untimely filing of this appeal.

## PROCEDURAL HISTORY

The court begins by noting the Defendant's original conviction and sentence for aggravated battery was docketed as C9236 in the trial court. The bill of information charging Defendant with being a habitual offender was filed in the trial court under docket number C9236-1. The pro se motion for appeal listed only docket number C9236-1, but states Defendant seeks to appeal "his conviction and sentence, in the above-captioned case, to the Third Circuit Court of Appeal."

1

We note on June 25, 2007, appellate counsel filed a "Motion to Suspend Briefing and to Supplement the Record," seeking supplementation of the record with all minutes, pleadings, transcripts, and evidence relating to Defendant's conviction and sentence for aggravated battery. Despite the fact that the motion for appeal listed only the docket number of the habitual offender proceedings, the motion for supplementation on June 27, 2007.

This court finds the habitual offender proceedings (C9236-1) to be the only matter before this court, as the docket number for those proceedings was the only docket number listed on the motion for appeal.[1]

**ANALYSIS**

The sufficiency of the evidence will be addressed in this analysis. In *State v. Touchet,* 04-1027, pp. 1-2 (La.App. 3 Cir. 3/9/05), 897 So.2d 900, 902, this court stated:

> With regard to sufficiency of the evidence, this court set forth as follows in *State v. Lambert,* 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27:
>
>> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses.

---

[1] In *State v. Felix*, 05-637, (La.App. 3 Cir. 12/30/05) 918 So.2d 577, *writ denied* 06-1137 (La. 11/22/06), 942 So.2d 548, this court issued an order denying the defendant's request for supplementation of the record with the transcript of the habitual offender proceedings because the habitual offender proceedings were filed under a different docket number than the underlying conviction and the motion for appeal was filed in the docket number of the underlying conviction. Thus no appeal had been filed in the docket number of the habitual offender proceedings. The docket numbers involved in *Felix* were not similar to each other.

2

Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See King,* 436 So.2d 559, citing *State v. Richardson*, 425 So.2d 1228 (La.1983).

In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. In order for this court to affirm a conviction, the record must reflect that the State has satisfied this burden of proving the elements of the crime beyond a reasonable doubt. *State v. Kennerson*, 96-1518 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367.

## Aggravated Battery Conviction

After a jury trial on September 20, 2006, the Defendant was convicted of aggravated battery, in violation of La.R.S. 14:34, which states in pertinent part, "[a]ggravated battery is battery committed with a dangerous weapon." Battery is defined in La.R.S. 14:33 as "the intentional use of force or violence upon the person of another; . . . ." Thus, the State had to prove: one, that the Defendant committed the offense of battery; and two, said battery was committed with a dangerous weapon. The court finds that there was sufficient evidence presented at trial to find the Defendant guilty of the offense of aggravated battery.

At trial, the following facts were adduced. Debra Williams, the victim, testified that she and the Defendant had lived together for several days, and on the day in question, she told the Defendant that she wanted him and his friends to leave her home. She then proceeded to put his belongings outside. Ms. Williams testified that in response to her comments and actions the Defendant "[r]an in the house and stabbed me in my arm." She went on to testify that, while she did not know what type of knife the Defendant had, he did have a knife.

The Defendant also testified at trial that he and Ms. Williams did have some words about him leaving; however, at the time he left, he testified that she was in good health. On cross-examination, the following exchange took place:

3

Q[State]: All right, and you left, and uh . . . all of a sudden she's got blood all over the house, and uh . . . a big gash in her arm, and she's out there with a towel sitting in the street?

A[Defendant]: Yes, sir.

Q[State]: And you didn't have nothing to do with it?

A[Defendant]: No, sir, if I'd had something to do with, I'd had blood on me, if they got it all over the house, it would be impossible.

Q[State]: You had an hour . . . there was an hour, after it happened, before they found you?

The Defendant notes in his brief that other than the testimonies of himself, Ms. Williams, and the responding officers, no other evidence was offered. Notwithstanding the fact that the State only chose to put on testimonial evidence, the jury had the opportunity to hear testimony and make credibility determinations for each witness. The State provided sufficient evidence such that a jury could have concluded beyond a reasonable doubt that the Defendant intentionally inflicted wounds upon Ms. Williams, with a knife, so as to be found guilty of the offense of aggravated battery. Accordingly, the Defendant's assignment of error alleging insufficiency of evidence for his aggravated battery conviction is without merit. The court feels it is necessary to review the conviction for sufficiency of evidence to substantiate the habitual offender charge in this case. It is not reviewing it as an appeal of the conviction.

**Habitual Offender Adjudication**

On November 28, 2006, the Defendant was sentenced to ten years at hard labor for his aggravated battery conviction. Thereafter, on December 11, 2006, the State filed a habitual offender bill in accordance with La.R.S. 15:529.1. Then, on January 26, 2007, the Defendant was adjudicated as a habitual offender and sentenced to life in prison. In his brief to this court, the Defendant alleges that there was insufficient

evidence to adjudicate him as a habitual offender because the State failed to provide any fingerprint evidence, and because the State's witness, one of the District Attorneys' investigators, presented evidence of the predicated offenses, without personal knowledge and was not the custodian of the records to which he testified.[2] As discussed below, the Defendant is precluded from seeking review of his adjudication as a habitual offender as the issue was not preserved for review.

Louisiana Code of Criminal Procedure Article 841, Section A states, in pertinent part; "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." The court's review of the habitual offender proceedings reveals that the Defendant failed to object to any of the evidence offered that resulted in his conviction. In fact, after the State presented certified minutes of each predicate offense, the trial court queried Defense counsel if he had any objection, to which defense counsel replied, "[n]o objection, Your Honor" each time. Because the Defendant failed to object to any of the evidence presented at the habitual offender proceedings, and because he failed to make any generalized objection after being adjudicated a habitual offender, he is precluded from raising this issue one appeal. *See State v. Johnson*, 01-0842 (La.App. 5 Cir. 2/13/02), 812 So.2d 106, where the court held the failure of a defendant to object to an issue at his habitual offender trial precluded him from raising the issue on appeal. *See also* La.R.S. 15:529.1(D)(1)(a), which states:

> If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of

---

[2]The evidence of the predicate offense presented at the habitual offender proceedings were certified court minutes of the Defendant's previous convictions.

violence as listed in Paragraph (2) of Subsection A of this Section, or has been convicted under the laws of any other state, or of the United States, or of any foreign government or country, of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction or adjudication of delinquency. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and he shall be given fifteen days to file particular objections to the information, as provided in Subparagraph (b). The judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, or adjudicated a delinquent for an offense or offenses specified above as set forth in the information.

Accordingly, the court finds the Defendant is precluded from seeking review of the sufficiency of evidence with respect to the Defendant's habitual offender adjudication.

## CONCLUSION

The Defendant's conviction for aggravated battery is not before this court in light of *State v. Felix,* 918 So2d 577. The adjudication as a habitual offender is affirmed.

**AFFIRMED.**

6