# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 12-11

**STATE OF LOUISIANA**

**VERSUS**

**CLARENCE WALKER NELSON**

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C9236
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL
JUDGE**

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Van Hardin Kyzar**
**District Attorney, Tenth Judicial District Court**
**P. O. Box 838**
**Natchitoches, LA 71458-0838**
**(318) 357-2214**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Edward John Marquet**
**Post Office Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Clarence Walker Nelson**

**Robert Stuart Wright**
**P.O. Box 1156**
**Natchitoches, LA 71458-1156**
**(318) 352-9950**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
   **State of Louisiana**

**Clarence Walker Nelson**
**Louisiana State Penitentiary**
**Camp-C Bear-4**
**Angola, LA 70712**
**COUNSEL FOR DEFENDANT/APPELLANT:**
   **Clarence Walker Nelson**

**EZELL, Judge.**

The following procedural history was taken from *State v. Nelson*, 07-701, p. 1 (La.App. 3 Cir. 1/30/08), 977 So.2d 1061, 1062, *writs denied*, 08-494, 08-497 (La. 10/3/08), 992 So.2d 1009.

> The Defendant, Clarence Walker Nelson, was found guilty of aggravated battery, in violation of La.R.S. 14:34. On November 28, 2006, he was sentenced to serve ten years at hard labor. On December 11, 2006, the State filed a habitual offender bill in accordance with La.R.S. 15:529.1. Thereafter, on January 26, 2007, the Defendant was adjudicated as a third-time habitual offender and sentenced to life in prison without benefit of parole, probation, or suspension of sentence. The Defendant filed his notice of appeal on February 7, 2007, which was granted by the trial court on February 12, 2007. The Defendant is now before this court seeking review of his conviction and adjudication, alleging the following assignments of errors:
>
> > 1) The evidence was insufficient to support the aggravated battery conviction.
> > 2) The evidence was insufficient to support the habitual offender adjudication.

The Defendant's habitual offender conviction was affirmed. This court concluded, however, that his conviction for aggravated battery was not before the court in light of *State v. Felix*, 05-637 (La.App. 3 Cir. 12/30/05), 918 So.2d 577, *writ denied*, 06-1137 (La. 11/22/06), 942 So.2d 548.[1]

The Defendant is now before this court on appeal, arguing that the evidence was insufficient to support his conviction for aggravated battery. Additionally, the Defendant agues pro se that he was denied effective assistance of counsel at sentencing and the habitual offender hearing/sentencing and that his trial by a six-

---

[1]In *Felix*, this court issued an order denying the defendants request to supplement the record with the transcript of the habitual offender proceedings. The habitual offender proceedings were filed under a different docket number than the underlying conviction, and the motion for appeal was filed in the docket number of the underlying conviction. Thus, no appeal had been filed in the docket number of the habitual offender proceedings.

person jury denied him due process and equal protection of law. We find the Defendant's conviction should be affirmed.

## ASSIGNMENT OF ERROR

By this assignment of error, the Defendant argues that the evidence was insufficient to support his conviction for aggravated battery. Since this court's ruling in the Defendant's prior appeal, the supreme court in *State v. Means*, 09-1716, p. 2 (La. 4/9/10), 32 So.3d 805, 806 (second alteration in original), held that "[h]abitual offender proceedings do not charge a separate crime but are a part of the original proceeding leading to conviction, *State v. Alexander,* 325 So.2d 777, 779 (La.1976), and a defendant generally may appeal only from '[a] judgment which imposes sentence.' La.C.Cr.P. art. 912(C)(1)." As such, this court's ruling in *Felix*, 918 So.2d 577, was effectually overruled. Since the Defendant's underlying conviction for aggravated battery was not before this court in his prior appeal pursuant to *Felix*, that conviction is now properly before this court in light of the *Means* decision and the trial court's grant of an out-of-time appeal on the underlying conviction for aggravated battery.

Although this court did not rule on the sufficiency of the evidence to support the Defendant's conviction for aggravated battery, it nonetheless concluded that the evidence adduced at trial was sufficient:

> After a jury trial on September 20, 2006, the Defendant was convicted of aggravated battery, in violation of La.R.S. 14:34, which states in pertinent part, "[a]ggravated battery is battery committed with a dangerous weapon." Battery is defined in La.R.S. 14:33 as "the intentional use of force or violence upon the person of another; . . . ." Thus, the State had to prove: one, that the Defendant committed the offense of battery; and two, said battery was committed with a dangerous weapon. The court finds that there was sufficient evidence presented at trial to find the Defendant guilty of the offense of aggravated battery.

3

At trial, the following facts were adduced. Debra Williams, the victim, testified that she and the Defendant had lived together for several days, and on the day in question, she told the Defendant that she wanted him and his friends to leave her home. She then proceeded to put his belongings outside. Ms. Williams testified that in response to her comments and actions the Defendant "[r]an in the house and stabbed me in my arm." She went on to testify that, while she did not know what type of knife the Defendant had, he did have a knife.

The Defendant also testified at trial that he and Ms. Williams did have some words about him leaving; however, at the time he left, he testified that she was in good health. On cross-examination, the following exchange took place:

> Q [State]: All right, and you left, and uh . . . all of a sudden she's got blood all over the house, and uh . . . a big gash in her arm, and she's out there with a towel sitting in the street?
>
> A [Defendant]: Yes, sir.
>
> Q [State]: And you didn't have nothing to do with it?
>
> A [Defendant]: No, sir, if I'd had something to do with, I'd had blood on me, if they got it all over the house, it would be impossible.
>
> Q [State]: You had an hour . . . there was an hour, after it happened, before they found you?

The Defendant notes in his brief that other than the testimonies of himself, Ms. Williams, and the responding officers, no other evidence was offered. Notwithstanding the fact that the State only chose to put on testimonial evidence, the jury had the opportunity to hear testimony and make credibility determinations for each witness. The State provided sufficient evidence such that a jury could have concluded beyond a reasonable doubt that the Defendant intentionally inflicted wounds upon Ms. Williams, with a knife, so as to be found guilty of the offense of aggravated battery. Accordingly, the Defendants assignment of error alleging insufficiency of evidence for his aggravated battery conviction is without merit. The court feels it is necessary to review the conviction for sufficiency of evidence to substantiate the habitual offender charge in this case. It is not reviewing it as an appeal of the conviction.

*Nelson*, 977 So.2d at 1063-64.

4

Considering this court's prior finding regarding sufficiency of the evidence, no further review is necessary in the instant appeal; the Defendant's conviction for aggravated battery is affirmed.

## PRO SE ASSIGNMENT OF ERROR NUMBER ONE

By this assignment of error, the Defendant argues that he was denied effective assistance of counsel at sentencing and the habitual offender hearing and sentencing. The Defendant asserts that at his original sentencing on November 28, 2006, defense counsel failed to argue and/or object to the maximum hard labor sentence of ten years. The Defendant also contends that his presentence investigation report contained inaccurate information of a pending first degree murder charge that was considered by the trial court. Additionally, the Defendant complains that defense counsel did not file a motion for new trial or for reconsideration of sentence. Lastly, the Defendant claims that defense counsel did not prepare him for his habitual offender hearing on January 26, 2007, by reviewing with him the relevant statute to ascertain the State's burden of proof and to object accordingly.

On January 26, 2007, the trial court vacated the Defendant's original sentence of ten years at hard labor and sentenced him as a third felony offender to life imprisonment, without benefit of parole, probation, or suspension of sentence. As such, the Defendant's claims of ineffective assistance of counsel at his original sentencing are moot.

Additionally, the Defendant was granted an out-of-time appeal on his conviction for aggravated battery only. At the time the appeal was lodged in this court, docket number C9236-1, the Defendant's habitual offender proceeding, was erroneously included in the appeal and briefing notices. Accordingly, the

5

Defendant's claim of ineffective assistance of counsel at his habitual offender hearing and sentencing are not properly before this court and should not be considered herein.

Lastly, the Defendant did not provide a legal or factual argument in his pro se brief regarding his claim that defense counsel was ineffective for failing to file a motion for new trial. Accordingly, that argument was abandoned and is not considered by this court. Uniform Rules—Courts of Appeal, Rule 2-12.4.

## PRO SE ASSIGNMENT OF ERROR NUMBER TWO

By this assignment of error, the Defendant argues that his trial by a six-person jury denied him due process and equal protection of the laws and constituted a patent error. He maintains that his original charge of aggravated second degree battery was serious enough to be tried by a twelve-person jury as he was exposed to mandatory fines or imprisonment, with or without hard labor, for fifteen years.

At the time of the offense, the penalty for aggravated second degree battery was a fine of not more than $10,000 or imprisonment, with or without hard labor, for not more than fifteen years, or both.[2] La.R.S. 14:34.7. As provided in La.Code Crim.P. art. 782(A), "[c]ases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict." As such, the Defendant herein was appropriately tried by a six-person jury; thus, this assignment of error has no merit.

## CONCLUSION

The Defendant's conviction for aggravated battery is affirmed.

**AFFIRMED.**

---

[2]The Defendant was originally charged with second degree battery but convicted of aggravated battery.

6