PER CURIAM.
 
 [1]
 

 | granted. La.C.Cr.P. art. 914(A) provides in part that “[a] motion for an appeal may be made orally in open court or by filing a written motion with the clerk.” We have repeatedly emphasized that this article “should be construed liberally to effectuate a defendant’s constitutional right of appeal in Louisiana.”
 
 State v. Murphy,
 
 07-2032 (La.2/22/08), 974 So.2d 1290 (citing
 
 State v. Goodley,
 
 423 So.2d 648, 651 (La.1982)). Although somewhat inarticulate, defense counsel’s remarks in open court following sentencing, liberally construed, constituted the requisite motion for an appeal as authorized by La.C.Cr.P. art. 914(A) because counsel expressed his client’s “desire to proceed forward to Reconsideration [of sentence] and Appeal as quickly as possible as he has been incarcerated for sometime now.” It further
 
 *806
 
 appears that in • response to defendant’s written pro se motion for an appeal which followed some months later, the trial court signed an order of appeal without objection by the | ¡.state. Although that order of appeal carried only the docket number for the charged offense and not the separate docket number given the subsequent habitual offender proceeding, the order necessarily encompassed both defendant’s conviction and sentence. Habitual offender proceedings do not charge a separate crime but are a part of the original proceeding leading to conviction,
 
 State v. Alexander,
 
 325 So.2d 777, 779 (La.1976), and a defendant generally may appeal only from “[a] judgment which imposes sentence.” La.C.Cr.P. art. 912(C)(1). The clerk’s office in the district court thus prepared separate records for appeal of defendant’s conviction and appeal of his sentence to accommodate the separate docket numbers in the district court but included a sentencing transcripts in
 
 both
 
 records.
 

 The decision below is reversed and the matter is remanded to the court of appeal to hear the merits of defendant’s appeal of his adjudication and sentence as an habitual offender under La. R.S. 15:529.1.
 

 [1]
 

 . Kimball, CJ, not participating.