NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-490

STATE OF LOUISIANA

VERSUS

BRYAN MEANS

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 145185
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Hon. Charles A. Riddle III
District Attorney, 12th JDC
P. O. Box 1200
Marksville, LA 71351
(318) 253-6587
Counsel for Appellee:
State of Louisiana

**Norris Joseph Greenhouse**
**Assistant DA, 12th JDC**
**214 Main Street**
**Marksville, LA 71351**
**(318) 253-6394**
**Counsel for Appellee:**
**State of Louisiana**

**Mark Owen Foster**
**Louisiana Appellate Project**
**P. O. Box 2057**
**Natchitoches, LA 71457**
**(318) 572-5693**
**Counsel for Defendant/Appellant:**
**Bryan Means**

**SAUNDERS, Judge.**

On June 17, 2008, the State filed a bill of information alleging that Defendant, Bryan Means, was a habitual offender as defined by La.R.S. 15:529.1. This proceeding bore a different docket number than the underlying conviction. *See discussion in State v. Means*, 09-1716 (La. 4/9/10), 32 So.3d 805.

On August 19, 2008, the district court held a hearing, and found Defendant to be a habitual offender. On September 16, the court sentenced him to "24.75" years at hard labor.

Defendant subsequently filed a motion for appeal which was granted. This court received two separate records, one regarding the underlying conviction, and the other containing the habitual offender proceedings. Each record was assigned a separate appellate docket number, just as the two proceedings had borne separate docket numbers below. *See Means*, 32 So.3d 805.

On April 28, 2009, this court issued a rule to show cause why the appeal in the present case should not be dismissed, as there is no motion to appeal in the record.[1] On June 24, 2009, in an unpublished opinion bearing docket number 09-490, a majority panel dismissed the present appeal, as the record contained neither a written motion with the appropriate trial docket number, nor a clear oral motion for appeal.[2]

However, on April 9, 2010, our supreme court reversed, and it reinstated the appeal. Our supreme court stated that the controlling statute, La.Code Crim.P. art. 914, "should be construed liberally to effectuate a defendant's constitutional right of appeal in Louisiana." *Means*, 32 So.3d at 805 (quoting *State v. Murphy*, 07-2032 (La.

---

[1] As discussed in this court's dismissal of the appeal, the motion to appeal in the other record did not include the trial docket number of the habitual offender proceedings.

[2] The appeal on the underlying offense proceeded under docket number 09-489; the opinion was not designated for publication.

2/22/08), 974 So.2d 1290). The court also stated that habitual offender proceedings are part of the underlying proceedings that lead to conviction.

Thus, the case is again before this court, and Defendant assigns a single error. We find that the assignment lacks merit.

## FACTS:

The trial court found Defendant to be a second habitual offender for having committed an attempted armed robbery in this state, and a prior felony in Texas.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there are two errors patent, both of which are discussed in Assignment of Error No. 1. Additionally, there is an error patent discussed below. Finally, out of an abundance of caution, we order that the commitment order be corrected.

The court minutes of sentencing indicate Defendant was informed of the provisions relating to post-conviction relief as required by La.Code Crim.P. art. 930.8. However, in reviewing the sentencing transcript to determine whether the sentence is accurately reflected in the court minutes, we discovered that Defendant was not fully advised of the time limitation of La.Code Crim.P. art. 930.8. Specifically, Defendant was told, "You'll have five days to appeal, two years to apply for post conviction relief."

Louisiana Code of Criminal Procedure Article 930.8 states that the time period for filing an application for post-conviction relief is two years, which begins to run when the judgment of conviction and sentence has become final under the provisions of La.Code Crim.P. arts. 914 or 922.

2

As such, we instruct the trial court to inform Defendant of the correct provisions of Article 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof that Defendant received the notice in the record of the proceedings.

Next, the commitment order lists Defendant's offense as "ARMED ROBBERY SENTENCED UNDER HABITUAL OFFENDER (145185)." This is inaccurate. Thus, the trial court is directed to correct the commitment order to reflect that Defendant's conviction was for *attempted* armed robbery, rather than armed robbery.

## ASSIGNMENT OF ERROR:

In his sole assignment of error, Defendant argues that error patent occurred because the minutes and the commitment entry show that he is not to receive the benefit of parole, while the trial court's order did not prohibit said benefit. He further suggests that the sentence imposed by the court, which did not restrict parole eligibility, was either agreed-upon or was the product of a stipulation. He also contends that to restrict parole eligibility would have resulted in an excessive sentence. Finally, the Defendant requests that this court order amendment of the sentencing minutes and commitment order to reflect the sentence imposed in the sentencing transcript.

We first address the legality of the Defendant's sentence, an issue which presents itself as an error patent and affects the analysis of the Defendant's assignment of error. At the sentencing proceeding, the prosecutor stated:

> Therefore, his mandatory minimum sentence as a second felony offender would be 24.75 years and that's without benefit of probation or suspension of sentence. If you say parole Judge it's incorrect cause apparently there's some jurisprudence on that. I just read that in another case. It's without benefit of probation or suspension of sentence. He would have the right to parole being sentenced as a habitual offender.

In imposing the Defendant's sentence, the judge stated, "I will sentence you today, Mr. Means, to 24.75 years in the custody of the Louisiana Department of Corrections. That will be without the benefit of probation or suspension of sentence." The court minutes of sentencing and the commitment order both state that the Defendant's sentence is to be served without the benefit of parole, probation or suspension of sentence.

Although La.R.S. 15:529.1(G) requires habitual offender sentences to be imposed without the benefit of probation or suspension of sentence, parole restrictions on habitual offender sentences are those required by the reference statute.

In *State ex rel. Simmons v. Stalder*, 93-1852, p. 1 (La. 1/26/96), 666 So.2d 661, 661, our supreme court stated, "any multiple offender sentence imposed under La.R.S. 15:529.1 following the offender's conviction for armed robbery must carry the parole disability provided by La.R.S. 14:64(B)." In *State v. King*, 05-553, p. 15 (La.App. 5 Cir. 1/31/06), 922 So.2d 1207, 1215, *writ denied*, 06-1084 (La. 11/9/06), 941 So.2d 36, the court stated:

> The restrictions on parole eligibility imposed on habitual offender sentences under LSA-R.S. 15:529.1 "are those called for in the reference statute." *State v. Esteen*, 01-879 (La.App. 5 Cir.5/15/02), 821 So.2d 60, 79, *writ denied*, 2002-1540 (La.12/13/02), 831 So.2d 983 *citing State v. Bruins*, 407 So.2d 685, 687 (La.1981). Nevertheless, this error need not be corrected on remand because under *State v. Williams*, 00-1725 (La.11/29/01), 800 So.2d 790, 799, and LSA-R.S. 15:301.1(A), the "without benefits" provision is self-activating. *Esteen*, 821 So.2d at 78.

A sentence imposed for attempted armed robbery, the offense at issue in this case, is to be served without benefit of parole. *See* La.R.S. 14:27, 14:64, and *State ex rel. Sullivan v. Maggio*, 432 So.2d 854 (La.1983). Accordingly, Defendant's habitual offender sentence should have been imposed without benefit of parole; thus, he received an illegally lenient sentence.

4

By requesting amendment of the court minutes and commitment order to delete the denial of parole eligibility, Defendant is not asking for *correction* of his illegally lenient sentence, but is effectively asking for *enforcement* of an illegally lenient sentence, something to which he is not entitled. *See State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790.

In *King*, 922 So.2d 1207, as in the present case, the court imposed the defendant's habitual offender sentence without benefit of probation or suspension of sentence with no mention of parole ineligibility. We find, as in *King*, that no action is required because the "without benefits" provision is self-activating.

**DECREE:**

Defendant's sentence is affirmed. The trial court is directed to correct the commitment order to reflect that Defendant's conviction was for attempted armed robbery, rather than armed robbery. Further, the trial court is instructed to inform Defendant of the correct provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that he received the notice in the record of the proceedings.

**AFFIRMED.**