# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 12-1124

**STATE OF LOUISIANA**

**VERSUS**

**EDRAS BROWN**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 131432
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.

**APPEAL DISMISSED.**

**Michael Harson**
**District Attorney - 15th JDC**
**P.O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Annette Roach**
**Louisiana Appellate Project**
**P.O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR APPELLANT:**
      **Edras Brown**

**Pickett, Judge.**

This is an appeal by the State of Louisiana.

Pursuant to a plea agreement, Defendant, Edras Brown, pled guilty in January 2011 to simple burglary. The agreement included that execution of sentence would be deferred for ninety days, and the Defendant was to pay restitution of two thousand two hundred fifty dollars to the victim within the ninety days. If the Defendant failed to pay as agreed, the sentence would be six months in the parish jail, with credit for time served. Moreover, if the restitution was not paid, the State had the option to file a bill of information charging Defendant as a habitual offender.

On April 20, 2011, the State filed a habitual offender bill of information, alleging Defendant was a fourth felony offender. A hearing on the habitual offender bill was held on November 3, 2011. At the hearing, Defendant stipulated to the fact that he had three prior felonies. Moreover, Defendant agreed he had not paid the restitution in full. However, the trial court, rather than adjudicating Defendant a habitual offender, gave Defendant an additional year to pay the balance of the restitution to the victim. The State gave a notice of intent to appeal. The State subsequently filed a written motion for appeal, which was granted by the trial court. However, this court dismissed the appeal pursuant to La.Code Crim.P. art. 912, finding that Judge Rubin's ruling extending the time in which to pay restitution was not a final judgment for the purposes of an appeal.

A sentencing hearing was held on April 19, 2012, and the trial court sentenced the Defendant as follows:

> "I'm going to sentence you to six (6) months hard labor as a habitual offender, and I'm going to declare part of that statute unconstitutional as it relates to his situation."

The State filed in the trial court a Notice of Appeal. The date stamped by the clerk of court's office indicates it was filed on May 23, 2012, but the trial court

signed it May 22, 2012. Thus, using the earliest possible date set forth in the record, May 22, 2012, the State failed to seek an appeal of Mr. Brown's sentence within the thirty day period set forth in La.Code Crim.P. art. 914.

On October 2, 2012, this court issued an Order for the State of Louisiana to show cause why its appeal should not be dismissed as untimely pursuant to La.Code Crim.P. art. 914. The State responded arguing that an oral motion for appeal was timely made. The State stated in pertinent part:

> At the April 19, 2012 hearing it became obvious that trial court was aware of the state's appeal and intention to appeal the ruling. (Exhibit 1).
>
> THE COURT: All right. I'm going to sentence you to six (6) months hard labor as a habitual offender and I'm going to declare part of that statute unconstitutional as it relates to his situation[.]
>
> MR. MCCANN: Yes, Sir[.]
>
> THE COURT: All right.
>
> MR. MCCANN Thank you.
>
> THE COURT: All right. Mr. Haney, I hope that this helps you, too. Effect your appeal.
>
> MR. HANEY: All right. Thank you, Judge.
>
> Undoubtedly, this court is looking at the Motion for an appeal filed on May 23, 2012. The aforementioned motion is simply to inform the Clerk of Court's office of the appeal as is their policy. La. C.CR.PRO art 914 allows for a motion for an appeal to be made orally. It is clear from the record that Judge Rubin recognized that the State intended to Appeal his ruling.

Louisiana Code of Criminal Procedure Article 914 provides in pertinent part:

> A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
>
> B. The motion for an appeal must be made no later than:
>
> (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.

(2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.

In *State v. Means*, 09-1716 (La. 4/9/10), 32 So.3d 805 (La. 4/9/10), the court

held in pertinent part:

> Granted.  La.C.Cr.P. art. 914(A) provides in part that "[a] motion for an appeal may be made orally in open court or by filing a written motion with the clerk."  We have repeatedly emphasized that this article "should be construed liberally to effectuate a defendant's constitutional right of appeal in Louisiana." *State v. Murphy*, 07-2032 (La.2/22/08), 974 So.2d 1290 (citing *State v. Goodley*, 423 So.2d 648, 651 (La.1982)).  Although somewhat inarticulate, defense counsel's remarks in open court following sentencing, liberally construed, constituted the requisite motion for an appeal as authorized by La.C.Cr.P. art. 914(A) because counsel expressed his client's "desire to proceed forward to Reconsideration [of sentence] and Appeal as quickly as possible as he has been incarcerated for sometime now." It further appears that in response to defendant's written pro se motion for an appeal which followed some months later, the trial court signed an order of appeal without objection by the state.

*Id*. at 805-06.

After reviewing the transcript of the April 19, 2012 proceeding, the State, unlike in *Means*, did not mention its desire or intention to appeal.  Accordingly, the State's appeal is dismissed pursuant to La.Code Crim.P. art. 914.

**APPEAL DISMISSED.**