NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-641

STATE OF LOUISIANA

VERSUS

TRACEY N. WILLIAMS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 16917-17
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and John E. Conery, Judges.

**SENTENCE AND CONVICTION AFFIRMED; INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM DEFERRED TO POST-CONVICTION RELIEF PROCESS.**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**Post Office Box 2125**
**Lafayette, Louisiana  70502**
**(225) 806-2930**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Tracey N. Williams**

**Tracey N. Williams**
**David Wade Correctional Center**
**670 Bell Hill Road**
**Homer, Louisiana 71040**
**PRO-SE DEFENDANT/APPELLANT:**
     **Tracey N. Williams**

**John F. DeRosier**
**District Attorney**
**14th Judicial District**
**Post Office Box 3206**
**Lake Charles, Louisiana  70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**John E. Turner**
**Assistant District Attorney**
**14th  Judicial District**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana  70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Honorable Jeffrey M. Landry**
**Attorney General**
**Post Office Box 94005**
**Baton Rouge, Louisiana  70804**
**(225) 326-6200**
**COUNSEL FOR RESPONDENT:**
     **Attorney General of the State of Louisiana**

**CONERY, Judge.**

The State filed a bill of information charging Defendant Tracey N. Williams with indecent behavior with a juvenile, a violation of La.R.S. 14:81. The bill was amended on December 10, 2018, to specify that the victim was less than thirteen years of age, and to remove a middle initial from Defendant's name.[1] The parties selected a jury, which began hearing evidence on the same date. Ultimately, the jury found Defendant guilty as charged on December 14, 2018.

On March 29, 2019, the court sentenced Defendant to twenty years at hard labor. Defendant now seeks review by this court, assigning two errors through counsel and two others pro se. Following review of the record, we affirm Defendant's conviction and sentence and defer one of Defendant's arguments to the post-conviction relief process.

## FACTS:

The victim, B.D., was thirteen years old at the time of the trial.[2] Defendant was her mother's live-in boyfriend and the father of her half-sister. When B.D. was about five (5) years old, Defendant would be alone with B.D. while her mother went to work. B.D. testified that on at least one occasion, he touched her in her private areas.

A forensic interviewer from the Children's Advocacy Center, Caitlin Delafield Brown, testified that the victim told her that Defendant "rode her" like a horse and that "white stuff" got on her leg. A former neighbor, Amanda Jefferson, testified that B.D. told her that Defendant would touch her inappropriately, and that "sticky stuff" came out of "his pee pee." B.D. also told Ms. Jefferson that

---

[1]The removal of the middle initial is not reflected on the bill in the current record.

[2]The victim's initials are used in accordance with La.R.S. 46:1844(W).

Defendant would ride her, using a pillow to demonstrate. B.D.'s mother, Ebony Porterfield, testified similarly, also stating that B.D. told her she saw "white stuff."

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, this court finds there are no errors patent.

We point out, however, that this court's review of the record includes the imposition of the habitual offender sentence, which was lodged under a separate docket number. Defendant did not include the habitual docket number on his motion for appeal, and did not allege any error as to the habitual offender proceedings and sentence. For completeness, as required by *State v. Means*, 09-1716 (La. 4/9/10), 32 So.3d 805, this court requested the current appellate record be supplemented with the minutes of the habitual offender sentencing in order to reflect the trial court's vacation of the original sentence and imposition of a habitual offender sentence. After review, nothing in these minutes indicates the habitual offender sentence is problematic, and we find there is no error patent regarding the habitual offender sentence imposed on Defendant.

**ASSIGNMENT OF ERROR NO. 1:**

In his first counsel-filed assignment of error, Defendant argues the evidence was insufficient to support his conviction. Specifically, he contends the State did not establish that he touched the victim in a manner calculated for his sexual gratification.

The general analysis for sufficiency claims is well-established:

When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational

trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

The controlling statute is La.R.S. 14:81, which states in pertinent part:

A. Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:

(1) Any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons. Lack of knowledge of the child's age shall not be a defense[.]

Defendant's argument is simply that there was insufficient evidence that he sought sexual gratification by touching B.D., since her testimony did not include any indication that he ejaculated. However, as shown by the evidence recited above, three adult witnesses testified that B.D. told each of them that she saw or felt a white substance or a sticky substance while Defendant was touching her. A *Jackson* review includes the entirety of the evidence adduced against a defendant. *State v. Hearold*, 603 So.2d 731 (La.1992). In the context of Defendant's actions, the jury could have rationally inferred that the substance was semen emitted by Defendant. In light of the evidence that he ejaculated while touching the victim, we find that this assignment of error lacks merit.

3

**ASSIGNMENT OF ERROR NO. 2:**

In his counsel-filed second assignment of error, Defendant argues the eleven-to-one jury verdict violated his due process and fair trial rights. Underlying this argument is his contention that the federal Sixth Amendment right to a unanimous verdict should be incorporated to the states. He acknowledges the Louisiana Supreme Court approved non-unanimous verdicts in *State v. Bertrand*, 08-2215, 08-2311 (La. 3/17/09), 6 So.3d 738, and that this court is bound by the decisions of the Louisiana Supreme Court. However, he argues our state supreme court "is not the final arbiter of this issue" because it is a federal matter. He also observes that Louisiana's use of non-unanimous jury verdicts is before the Supreme Court pursuant to a writ grant. *Ramos v. Louisiana*, __ U.S. __, 139 S.Ct. 1318 (2019).

Procedurally, Defendant contends the issue is preserved because he objected after the jury was polled. It does not appear that Defendant sent notice of his constitutional challenge to the Attorney General's Office in accordance with La.Code Civ.P. art. 1880 and La.R.S. 13:4448. However, the jurisprudence is not clear that this lack of notice is fatal. In *State in the Interest of A.N.*, 18-1571 (La. 10/22/19), ___So.3d __, the supreme court held that Article 1880 does not necessarily require such notice in a criminal proceeding. Further, on October 30, 2019, this court provided the Attorney General with notice pursuant to La.R.S. 13:4448. This court set a deadline of November 14, 2019 for a response from the Attorney General's Office, which has yet to be received.

On consideration of the merits of Defendant's assignment, the jurisprudence of this court shows the argument has no merit. In *State v. Arceneaux*, 19-60 (La.App. 3 Cir. 10/9/19), 2019 WL 5057512 (unpublished opinion), this court

noted that it had adopted the reasoning of *Bertrand*, 6 So.3d 738, and noted that in a majority opinion, this court recently rejected a similar argument in *State v. Jinks*, 18-733 (La.App. 3 Cir. 5/1/19), 2019 WL 1929961 (unpublished opinion). *See also State v. Small*, 19-64 (La.App. 3 Cir. 1/25/19) (unpublished opinion). This assignment of error lacks merit.

We now proceed to Defendant's pro se assignments of error, which Defendant numerates consecutively to the counsel-filed assignments.

**ASSIGNMENT OF ERROR NO. 3 (PRO SE):**

Defendant first complains that the district court excluded the victim's medical records and any cross-examination related to her "prior sexual activity," in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963). *Brady* requires the State to disclose to a defendant any favorable evidence in its possession. "Favorable evidence includes both exculpatory evidence and evidence impeaching the testimony of a witness when the reliability or credibility of that witness may be determinative of defendant's guilt or innocence or when it may have a direct bearing on the sentencing determination of the jury. *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, (1985)[.]" *State v. Verret,* 06-1337, pp. 21-22 (La.App. 1 Cir. 3/23/07), 960 So.2d 208, 222, *writ denied*, 07-830 (La. 11/16/07), 967 So.2d 520.

The district court allowed Defendant to proffer the medical report at issue, which was included with the exhibits forwarded to this court. Defendant states in his pro se brief that the victim stated during her sexual assault examination that at some point in time, she was also touched by two girls; one about her age and another who was a few years older. Defendant now argues that if he could have put this information before the jury, he would have been able to pursue a theory

5

that the victim was mistakenly conflating the incidents with the two girls with the times she was alone with him.[3]

We find no merit to Defendant's argument. Even considering the victim's youth, it seems unlikely she would mistake activity with a grown man with activity, even similar activity, with other young girls. Such a conclusion is even stronger in light of the evidence noted in the *Jackson* review, *i.e.*, statements indicating the presence of a white or sticky substance when Defendant was touching the victim. The Defendant's theory does not demonstrate the evidence should have been admitted pursuant to *Brady*. This portion of Defendant's assignment of error lacks merit.

In another portion of this assignment of error, Defendant argues that trial counsel was ineffective for failing to inform the jury of the "bi-sexual tendencies and lifestyle" of the victim's mother and the mother's friend, which could have affected the behavior of the children. He also indicates that he was left not knowing how to defend himself against the charge. It is undisputed that ineffective assistance of counsel claims are analyzed with a two-step test. Pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984): (1) it must be demonstrated that trial counsel's performance was deficient; and (2) said deficiency must have prejudiced Defendant. *State v. Washington*, 491 So.2d 1337 (La.1986).

The current record sheds no light on Defendant's allegations regarding the mother's lifestyle, and his other allegations are too general for analysis. Therefore,

---

[3] Defense counsel advanced other arguments to the district court regarding the victim's credibility but did not offer them to this court. Much of the discussion of the excluded evidence involved La.Code Evid. art. 412, the Rape Shield Law. However, that law was also not argued to this court.

this court finds that the ineffective assistance of counsel argument should be deferred to the post-conviction relief process, where the Defendant will have an opportunity to develop the record as needed and refine his argument.

**ASSIGNMENT OF ERROR NO. 4 (PRO SE):**

In the final assignment of error, Defendant again argues the district court erred by excluding the use of the medical report made during the course of the investigation. The victim's medical report indicated that B.D. told a doctor that in addition to Defendant, two other people, also juvenile girls, had touched her inappropriately. Further, he contends that said exclusion impaired his right to present a defense. The record indicates that the parties initially argued the issue to the district court before trial, and the court deferred ruling. During trial, the parties and the district court revisited the issue, and the court ultimately excluded use of the medical report due to the dictates of La.Code Evid. art. 412, also known as the "Rape Shield Law." The statute provides in pertinent part:

> **A.** **(1)** **Opinion and reputation evidence; sexual assault cases.** When an accused is charged with a crime involving sexually assaultive behavior, reputation or opinion evidence of the past sexual behavior of the victim is not admissible.
>
> **(2)** **Other evidence; exceptions.** When an accused is charged with a crime involving sexually assaultive behavior, evidence of specific instances of the victim's past sexual behavior is also not admissible except for:
>
> (a) Evidence of past sexual behavior with persons other than the accused, upon the issue of whether or not the accused was the source of semen or injury; provided that such evidence is limited to a period not to exceed seventy-two hours prior to the time of the offense, and further provided that the jury be instructed at the time and in its final charge regarding the limited purpose for which the evidence is admitted; or
>
> (b) Evidence of past sexual behavior with the accused offered by the accused upon the issue of whether or not the victim consented to the sexually assaultive behavior.

In his pro se brief, Defendant does not discuss the applicability of La.Code Evid. art. 412. In applying the "Rape Shield Law," Louisiana courts have repeatedly acknowledged that a defendant has a right to present a defense but have balanced this right with the "rape shield" protection. *State v. Pitts*, 11-1020 (La.App. 3 Cir. 4/4/12), 87 So.3d 306, *writ denied,* 12-980 (La. 10/26/12), 99 So.3d 639. In this assignment of error, Defendant does not state what use he would have made of the medical report at trial. Therefore, this court will refer to the theory Defendant advanced in the prior assignment of error, *i.e.*, the victim was mistakenly conflating incidents that occurred with the girls with the times she was alone with Defendant. In his pro se brief, Defendant is not arguing an exception to the rape shield law; he does not discuss La.Code Evid. art 412 at all. Thus, this court finds there is nothing in Defendant's argument under this assignment to show that the district court's ruling was incorrect. Therefore, we find this assignment of error lacks merit.

## DISPOSITION

For the foregoing reasons, we affirm Defendant's conviction and sentence. We further defer Defendant's ineffective assistance of counsel claim to the post-conviction relief process.

**SENTENCE AND CONVICTION AFFIRMED; INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM DEFERRED TO POST-CONVICTION RELIEF PROCESS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3