Judgment rendered May 5, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 992,
La. C. Cr. P.

No. 53,917-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                                    Appellee

versus

JONATHAN O. BARNES                                    Appellant

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court No. 43939

Honorable Jacque Derr, Judge

* * * * *

LOUISIANA APPELLATE PROJECT                 Counsel for Appellant
By: Chad Ikerd

RICHARD CHRISTOPHER NEVILS              Counsel for Appellee
District Attorney

STEVEN D. CREWS
COLE B. SMITH
Assistant District Attorneys

* * * * *

Before STONE, ROBINSON, and BLEICH (*Pro Tempore*), JJ.

**ROBINSON, J.**

Jonathan Barnes was convicted by a non-unanimous jury of possession a firearm by a convicted felon. He was sentenced to ten years at hard labor without benefit of parole, probation, or suspension of sentence. After he was subsequently adjudicated an habitual offender, the trial court vacated his ten-year sentence and imposed an habitual offender sentence of twelve years at hard labor. Barnes has been granted an out-of-time appeal. In light of *Ramos v. Louisiana*, __U.S. __, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020), we vacate his firearm conviction, vacate his habitual offender adjudication and sentence, and remand for a new trial on the underlying offense.

## FACTS

Barnes, who was driving alone in his girlfriend's car, was pulled over by a Winnfield Police Department officer on November 1, 2016. A pistol was found under the driver's seat following a canine search. Barnes had pled guilty in 2014 to possession of hydrocodone, a Schedule III controlled dangerous substance.

Barnes was charged by bill of information with improper passing on the right shoulder in violation of La. R.S. 32:74(B), resisting an officer in violation of La. R.S. 14:108, and possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1. The matter proceeded to trial only on the firearm possession charge. On April 26, 2017, Barnes was convicted as charged by a 10-2 jury verdict. The trial transcript shows that the jury was polled by written vote. This is also shown in the court minutes. A motion for new trial was denied two months later.

On August 15, 2017, Barnes was sentenced to ten years at hard labor without benefit of parole, probation, or suspension of sentence. Barnes signed a notice that he had been advised of the time limits to apply for post-conviction relief. His trial counsel told the trial court that he had "one more motion to file and then the appeal." By letter dated June 29, 2017, the Louisiana Appellate Project had notified this Court that it had assigned an attorney to handle Barnes's appeal. However, no appeal was taken from his conviction or sentence.

An habitual offender proceeding was held on February 21, 2018. The predicate offense was a 2009 guilty plea to possession of cocaine. Pursuant to an agreement and an admission by Barnes that he is an habitual offender, the trial court vacated the ten-year sentence and imposed an habitual offender sentence of twelve years at hard labor. The trial court did not advise Barnes of his rights or question him about his admission to the habitual offender charge. Barnes did not speak at the hearing. Barnes was again advised of the time limits to apply for post-conviction relief.

Barnes filed a motion for an out-of-time appeal on March 9, 2020, followed two days later by an amended motion for an out-of-time appeal. The motions were denied on the ground that his sentence was vacated when Barnes was sentenced as an habitual offender.

Barnes applied for a supervisory writ, which this Court granted on June 3, 2020. The matter was remanded to the trial court to consider the motions as an application for post-conviction relief seeking an out-of-time appeal in accordance with La. C. Cr. P. art. 930.8 and *State v. Counterman*, 475 So. 2d 336 (La. 1985).

Barnes filed a motion for appeal and designation of record on July 23, 2020. The motion was granted. He argues on appeal that because he was not convicted by a unanimous jury, his conviction for being a felon in possession of a firearm should be reversed and the matter remanded for a new trial. The State counters that Barnes's argument is meritless because *Ramos* does not apply to convictions that have become final and are being reviewed on post-conviction relief.

## DISCUSSION

"An application for post conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending." La. C. Cr. P. art. 924.1 The official revision comment to art. 924.1 states that the post-conviction relief procedure is not designed to take the place of an appeal, and that the petitioner must first exhaust whatever appeal rights that he has. La. C. Cr. P. art. 930.8 states that applications for post-conviction relief, including requests for out-of-time appeals, must be filed within two years from the date that a defendant's conviction and sentence become final unless certain specific exceptions apply.

The United States Supreme Court rendered its decision in *Ramos* on April 20, 2020. It held that the Sixth Amendment right to a jury trial, as incorporated by the 14th Amendment, requires a unanimous verdict to convict a defendant of a serious offense in both federal and state courts. In *State v. Richardson*, 20-00175 (La. 6/3/20), 296 So. 3d 1050, the Louisiana Supreme Court determined that the holding of *Ramos* applies to cases pending on direct review when *Ramos* was decided. Thus, the State will have to retry defendants who were convicted of serious offenses by non-

3

unanimous juries and whose cases were still pending on direct appeal when *Ramos* was decided.

It is unclear from his appeal motions whether Barnes sought to appeal the underlying conviction or his habitual offender adjudication and sentence. Nevertheless, we are mindful that habitual offender proceedings do not charge a separate crime but are a part of the original proceeding leading to conviction. *See State v. Means*, 09-1716 (La. 4/9/10), 32 So. 3d 805. Additionally, it is clear from the brief of his appeal counsel that Barnes is appealing his underlying conviction.

Barnes was sentenced as an habitual offender on February 21, 2018. He filed his first motion for an out-of-time appeal within two years of when his conviction became final. Therefore, his case is on direct review and *Ramos* applies.

The jury was not unanimous in finding Barnes guilty of the serious offense of possession of a firearm by a convicted felon. A verdict of 10-2 was revealed when the jury was polled. This error is patent on the face of the record.[1] Accordingly, in light of the ruling in *Ramos* and the fact that this matter is on direct appeal, we vacate Barnes's conviction of possession of a firearm by a convicted felon. Because the underlying conviction is vacated, we further vacate his habitual offender adjudication and sentence. This matter is remanded for a new trial on the underlying offense.

---

[1] An error patent is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence and can be considered on appeal. See La. C. Cr. P. art. 920(2).

**CONVICTION VACATED; HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED; REMANDED FOR NEW TRIAL.**