# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-441


**STATE OF LOUISIANA**

**VERSUS**

**DEWAYNE SYLVESTER**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 8731-16
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHARON DARVILLE WILSON**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Jonathan W. Perry, and Sharon Darville Wilson, Judges.


**AFFIRMED.**

**Honorable Stephen C. Dwight**
**14th JDC District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Douglas Lee Harville**
**Louisiana Appellate Project**
**P. O. Box 52988**
**Shreveport, LA 71135**
**(318) 222-1700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Dewayne Sylvester**

**John E. Turner**
**Assistant District Attorney 14th JDC**
**P. O. Box 3206**
**Lake Charles, LA 70602**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**WILSON, Judge.**

Defendant, Dewayne Sylvester, was convicted by a non-unanimous jury of attempted second degree murder. Mr. Sylvester moved for a new trial based on the Supreme Court's decision in *Ramos v. Louisiana*, 590 U.S.___, 140 S.Ct. 1390 (2020). The trial court denied the motion for new trial, and Mr. Sylvester appeals the judgment. For the following reasons, we affirm the trial court's judgment.

## I.

## ISSUES

We must decide whether the trial court erred by denying Mr. Sylvester's motion for new trial. More specifically, we must decide whether Mr. Sylvester's conviction had become final and whether *Ramos* applies thereby entitling him to new trial because his underlying conviction was based on a non-unanimous jury.

## II.

## FACTS AND PROCEDURAL HISTORY

On February 18, 2016, Mr. Sylvester, Shirley Manuel, and a child were travelling from Lafayette to Lake Charles. They stopped at a video poker casino so that Ms. Manuel could use the restroom. After parking the car, they were approached by Gerald Carter who claimed that Mr. Sylvester and Ms. Manuel were following him. Mr. Carter then went into the casino. When Ms. Manuel returned from the restroom, Mr. Sylvester entered the casino and approached Mr. Carter. The men began arguing and both exited the casino. After Mr. Carter swung a beer can at him, Mr. Sylvester stabbed him twice.

On March 31, 2016, a Calcasieu Parish grand jury indicted Mr. Sylvester of attempted second degree murder, in violation of La.R.S. 14:27 and 14:30.1. Mr. Sylvester pled not guilty and requested a trial by jury. After a two-day jury trial, Mr. Sylvester was found guilty of attempted second degree murder by an 11-1 jury on April 26, 2017.

On May 19, 2017, Mr. Sylvester filed a motion for new trial and after a hearing, the trial court denied the motion on May 22, 2017. Subsequently, the state filed a second and subsequent habitual offender bill pursuant to La.R.S. 15:529.1. On May 24, 2017, the trial court sentenced Mr. Sylvester to serve fifteen years at hard labor, without benefit of probation, parole, or suspension of sentence. Mr. Sylvester filed a motion to reconsider sentence, which was denied as untimely, and Mr. Sylvester filed a motion for appeal. On appeal, this court affirmed Mr. Sylvester's conviction and sentence with instructions for the trial court to inform Mr. Sylvester of the provisions of La.Code Crim.P. art. 930.8.[1]

On October 17, 2018, the trial court held a multiple offender hearing and found Mr. Sylvester to be a third felony habitual offender. The trial court vacated the previously imposed sentence, and sentenced Mr. Sylvester to serve forty years at hard labor without benefit of probation, parole, or suspension of sentence. Mr. Sylvester filed a pro se motion to reconsider sentence and the trial court denied the motion on November 13, 2018. Subsequently, Mr. Sylvester filed a pro se motion to appeal his habitual offender sentence and the trial court's denial of his motion to reconsider sentence. On December 13, 2018, the trial court denied the

---

[1] *State v. Sylvester*, 18-144 (La.App. 3 Cir. 9/26/18) (unpublished opinion), *writ denied*, 18-1742 (La. 4/8/19), 267 So.3d 606.

motion to appeal the habitual offender sentence as untimely but granted the motion to appeal the denial of the motion to reconsider sentence.

Following a writ application filed by Mr. Sylvester, this court ordered the trial court to grant Mr. Sylvester's appeal of his habitual offender adjudication and the trial court complied.[2]  On February 5, 2020, this court vacated Mr. Sylvester's habitual offender adjudication and sentence and remanded for further proceedings.[3]

On July 15, 2020, Mr. Sylvester filed a motion for new trial asserting that he was entitled to a new trial under *Ramos* because his conviction was non-unanimous. The trial court held a hearing on the motion, and it was denied on March 24, 2021.  The state decided not to proceed with the habitual offender bill and the trial court reinstated the original fifteen-year sentence.  On April 16, 2021, the trial court granted Mr. Sylvester's motion for appeal of the denial of his motion for new trial and his fifteen-year sentence.

III.

## LAW AND DISCUSSION

### ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record.  After reviewing the record, we find that there are no errors patent.

### FINALITY

In his sole assignment of error, Mr. Sylvester asserts the trial court erred in denying his motion for new trial because his case was not yet final at the time

---

[2] *State v. Sylvester,* 19-57 (La.App. 3 Cir. 3/14/19) (unpublished opinion).
[3] *State v. Sylvester,* 19-527 (La.App. 3 Cir. 2/5/20), 291 So.3d 718.

*Ramos* was decided as there had been no direct appeal of his judgment of conviction arising after the habitual offender sentence was vacated by this court. Accordingly, Mr. Sylvester contends that *Ramos* applies, and he is entitled to a new trial because his underlying conviction was based on a non-unanimous jury.

On April 20, 2020, the United States Supreme Court decided *Ramos*, holding that the Sixth Amendment right to jury trial, as incorporated against the states by way of the Fourth Amendment, requires a unanimous verdict to convict a defendant of a serious offense. The Louisiana Supreme Court has since recognized that *Ramos* applies retroactively to all cases pending on direct review or not yet final. *See State v. Norman*, 20-109 (La. 7/2/20), 297 So.3d 738 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716 (1987)).

In support of his argument, Mr. Sylvester specifically cites to *State v. Barnes*, 53,917 (La.App. 2 Cir. 5/5/21), 318 So.3d 1100. In that case,

> Jonathan Barnes was convicted by a non-unanimous jury of possession a firearm by a convicted felon. He was sentenced to ten years at hard labor without benefit of parole, probation, or suspension of sentence. After he was subsequently adjudicated an habitual offender, the trial court vacated his ten-year sentence and imposed an habitual offender sentence of twelve years at hard labor. Barnes has been granted an out-of-time appeal. In light of *Ramos v. Louisiana*, —— U.S. ——, 140 S. Ct. 1390, 206 L.Ed. 2d 583 (2020), we vacate his firearm conviction, vacate his habitual offender adjudication and sentence, and remand for a new trial on the underlying offense.

*Id.* at 1101. The second circuit further explained,

> It is unclear from his appeal motions whether Barnes sought to appeal the underlying conviction or his habitual offender adjudication and sentence. Nevertheless, we are mindful that habitual offender proceedings do not charge a separate crime but are a part of the original proceeding leading to conviction. See *State v. Means*, 09-1716 (La. 4/9/10), 32 So. 3d 805. Additionally, it is clear

from the brief of his appeal counsel that Barnes is appealing his underlying conviction.

Barnes was sentenced as an habitual offender on February 21, 2018. He filed his first motion for an out-of-time appeal within two years of when his conviction became final. Therefore, his case is on direct review and Ramos applies.

*Id*. at 1102-03.

We find that *Barnes* is distinguishable from the instant case. The defendant in *Barnes* was granted an out of time appeal of his initial conviction because he did not have an appeal of his underlying conviction. This is not true for Mr. Sylvester. Mr. Sylvester had previously appealed his initial conviction and sentence. This court affirmed the conviction and sentence and the supreme court denied writs.[4] Louisiana Code of Criminal Procedure Article 922(D) provides, "[i]f an application for a writ of review is timely filed with the supreme court, the judgment of the appellate court from which the writ of review is sought becomes final when the supreme court denies the writ." Accordingly, Mr. Sylvester's conviction became final after the supreme court denied writs on April 8, 2019, well before *Ramos* was decided.

Mr. Sylvester contends that since his habitual offender sentence had been vacated and the initial sentence had not been reimposed before the Supreme Court's decision in *Ramos*, his conviction was not final. After reviewing the jurisprudence, we disagree.

The Louisiana Supreme Court recently addressed the finality of a conviction on subsequent appeal of a habitual offender resentencing in *State v.*

---

[4] *State v. Sylvester*, 18-144 (La.App. 3 Cir. 9/26/18) (unpublished opinion), *writ denied*, 18-1742 (La. 4/8/19), 267 So.3d 606.

*Kennon*, 19-998 (La. 9/1/20), __So.3d__. In that case, the defendant argued that his

conviction was not yet final because appellate review of the habitual offender

sentence was ongoing. The supreme court disagreed and held:

> To accept defendant's view that his conviction does not become final until his habitual offender adjudication and sentence become final, despite the fact that appellate review of his conviction has been completed, would require the court to read "offenders whose convictions became final on or after November 1, 2017" in Section 2 of Act 282 as "offenders whose convictions and sentences became final" instead. Just as we were bound by this unequivocal language in *Lyles* to find that defendant was entitled to be sentenced under La.R.S. 15:529.1 as amended by 2017 La. Acts 282, we are bound by it here to find this defendant is not.
> . . . .
>
> While the situation here is complicated by the bifurcated appeals that resulted from the State's decision to pursue recidivist sentence enhancement during the pendency of the first appeal, we think it sufficient to find *Lyles* does not apply here because a conviction is a conviction, while this court has consistently found a habitual offender proceeding is "merely part of sentencing." *State v. Langendorfer*, 389 So.2d 1271, 1276-77 (La. 1980). It is well-settled that, "A defendant is not convicted of being a habitual offender. Rather, a defendant is adjudicated as a habitual offender as a result of prior felony convictions. The sentence to be imposed following a habitual offender adjudication is simply an enhanced penalty for the underlying conviction." *State v. Parker*, 03-0924, p. 15 (La. 4/14/04), 871 So.2d 317, 325–326. The only appellate review ongoing here pertains to defendant's habitual offender sentence. Direct review of the conviction itself ceased before November 1, 2017.

*Id.* at 7-9. In *State v. Brown*, 19-370 (La.App. 5 Cir. 1/15/20), 289 So.3d 1179, *writ*

*denied*, 20-276 (La. 6/22/20), 297 So.3d 721, *cert. denied*, __U.S.__, 141 S.Ct. 1396

(2021), the defendant's convictions and sentences were affirmed and became final

in 1997. In 2018, Mr. Brown's sentence was amended to make him parole eligible.

On appeal of his new sentence, Mr. Brown asserted that for purposes of *Ramos* his

convictions were not yet final in light of his resentencing under *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455 (2012), and appeal of that sentence. The fifth circuit noted, however, that "Mr. Brown's instant appeal must be limited to matters of his resentencing. Though his sentences are pending, his convictions on both counts have already been affirmed and are final." *Brown* 289 So.3d at 1185. The court further held that,

> As stated, this court already affirmed Mr. Brown's convictions and sentences on April 9, 1997, following his original appeal. The Louisiana Supreme Court denied writs on October 31, 1997. On that day, his convictions and sentences became final. See La. C.Cr.P. art. 922(D). Although Mr. Brown was resentenced pursuant to *Miller*, and now legitimately exercises his right to appeal that resentencing, his resentencing does not allow him the opportunity to challenge his previously affirmed convictions, as he asserts.

*Id.* at 1187. Further, the court held that "generally, a defendant is not entitled to a second error patent review of the matters encompassed in the first appeal[,]" as any errors relating to his conviction were scrutinized in the first appeal. *Id.* at 1188. The supreme court denied Mr. Brown's writ, with Chief Justice Johnson concurring:

> I concur in the denial of the defendant's writ application despite his conviction by a non-unanimous jury verdict in this case. After Mr. Brown was re-sentenced pursuant to *Miller v. Alabama* 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) and *Montgomery v. Louisiana*, —— U.S. ——, 136 S. Ct. 718, 193 L.Ed.2d 599 (2016), he was entitled to an appeal of his new sentence, not the underlying conviction. La.C.Cr.P. art. 912(C)(1). Therefore his 1996 conviction was final long before the United States Supreme Court's decision in *Ramos v. Louisiana*, —— U.S. ——, 140 S. Ct. 1390, 206 L.Ed.2d 583 (2020). I write separately to emphasize that this writ denial does not preclude Mr. Brown from making a collateral challenge to his conviction by non-unanimous jury verdict under La. C. Cr. P. art. 930.3(1) and 930.8(A)(2).

*State v. Brown*, 20-276 (La. 6/22/20), 297 So.3d 721.

Similarly, in *State v. Johnson*, 19-969, p. 10 (La.App. 1 Cir. 8/6/20), 311 So.3d 370, 378, the first circuit held that

> defendant's conviction, affirmed in 2008, became final long before the *Ramos* decision. Accordingly, we find that while defendant was entitled to appeal his new sentence under *Miller*, he is not entitled to appeal his conviction pursuant to *Ramos*, wherein the *Ramos* Court specifically found that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal.

In the instant case, Mr. Sylvester's conviction was affirmed by this court in 2018, and the supreme court denied writs in 2019. Although this court vacated Mr. Sylvester's habitual offender sentence, this did not change the finality of his affirmed conviction. Considering the preceding jurisprudence, Mr. Sylvester's appeal of his new sentence following the vacated habitual offender sentence does not open the door for relitigation of any issues regarding his initial conviction. Mr. Sylvester's conviction remains final and therefore, he is not entitled to relief under *Ramos*.

V.

**CONCLUSION**

For the foregoing reasons, we find that the trial court did not err in denying Mr. Sylvester's motion for new trial based on *Ramos*. Mr. Sylvester's conviction was final before the Supreme Court issued the *Ramos* decision and as such *Ramos* is inapplicable to this case. Accordingly, we affirm the ruling of the trial court.

**AFFIRMED.**